Young *v.* Tustin, an Infant.

The jury, in trespass to personal property, cannot increase the amount of their verdict for the plaintiff, by an allowance of counsel fees.

The plaintiff in such suit cannot recover damages which are not implied by law from the wrong committed, unless they are specially stated in the declaration.

APPEAL from the *Shelby* Circuit Court.

Blackford, J.—*J. Tustin,* an infant, by *A. Tustin* his next friend, sued *Young* in an action of trespass. The ground of action is the killing of the plaintiff's horse by fastening a heavy piece of wood to his neck. Damage 150 dollars. Two pleas. 1st, the general issue; 2dly, that the horse was trespassing on the defendant's enclosure, wherefore he put a yoke on him, &c. The second plea was demurred to, and the demurrer correctly sustained. The cause was tried on the general issue, and the plaintiff obtained a verdict and judgment for 45 dollars.

The Court refused to instruct the jury, that the plaintiff could not recover counsel fees, but instructed them that they might give the plaintiff, by way of damages, his reasonable expenses in the prosecution of the suit. The Court committed an error in refusing the instructions asked for, and in giving those which were given. The jury cannot increase the amount of their verdict for the plaintiff by the allowance of counsel fees. The only fee of that character which a successful plaintiff can be entitled to, is that which the statute denominates an attorney's fee; and that is only recovered by its being included in the judgment for costs.

There is another objection which not only applies to the instructions refused, but also to those which were given. This is not a cause in which any damages, not naturally and neces-

Nov. Term,
1836.

YOUNG
v.
TUSTIN.

sarily arising from the killing of the horse, could be recovered; because the declaration contains no averment that any such damages had been sustained. This objection to the recovery of the counsel fees and expenses in question, were there no other objection to their recovery, would be fatal. In actions of trespass, the plaintiff cannot recover damages which are not implied by law from the wrong committed, unless they are specially stated in the declaration. 1 Chitt. Pl. 441.

In the case under consideration, the instructions refused should have been given, and those given should have been refused.

*Per Curiam.*—The judgment is reversed and the verdict set aside at the costs of the *prochein amy.* Cause remanded, &c.

*J. Ryman,* for the appellant.

*P. Sweetser* and *S. Major,* for the appellee.