HOOKER and Others *v.* THE STATE, on the Relation of HAYNES and Another.

Suit by the state, on the relation of *A.*, on a justice's bond, brought for money collected by the justice on a judgment rendered by him, and alleged to have been assigned to the relator. *Held*, that a plea denying the assignment should be sworn to.

The plea of *nil debet* to debt on bond is bad on general demurrer.

A justice of the peace has no authority, without special directions from the judgment-creditor, or person entitled to the judgment, to receive any thing but gold or silver in payment of a judgment rendered by him.

The judgment of a justice of the peace may, by statute, be so assigned as to authorize the assignee to be the relator, in a suit on the justice's bond for the money collected by the justice on the judgment.

A judgment shown to be right by the evidence in the record, will not be reversed on account of any instructions given to the jury.

The issue on a plea of *nul tiel record* should be tried by the Court and not by a jury.

The Court of a justice of the peace is a Court of record.

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—This was an action of debt against *Hooker* and others on the bond of a justice of the peace. To show a breach of the condition of the bond, the declaration alleges that one *Evans* obtained a judgment before the justice for a certain sum of money; that *Evans* assigned the judgment to the relators on the justice's docket, of which the justice had notice; that the judgment-debtor paid the amount of the judgment to the justice; that the relators, before the commencement of the suit, demanded the money of the justice at his office, and that payment was refused.

The defendants pleaded as follows: 1. *Nil debet;* 2. *Nul tiel record;* 3. That the judgment-debtor had not paid the judgment; 4. That the money had not been demanded of the justice; 5. That the money received by the justice, in payment of the judgment, was in bank-notes of the state bank of *Illinois*, which notes, at the time they were so received, were current in the state of *Indiana*, and receivable in some of the branches of the state bank of said state, and which notes the justice had tendered to the relators, &c.; 6. The same with the 5th; 7. That the judgment had not been transferred to the relators; 8. The same with the 7th.

The seventh and eighth pleas were correctly rejected, on

the plaintiff's motion, they not being sworn to.   The first, <span>Nov. Term,</span> fifth, and sixth pleas were demurred to, and the demurrer <span>1844.</span> sustained.   The first plea is bad, the suit being on a bond.   HOOKER The other pleas demurred to are also bad.   The justice had <span>v.</span> <span>THE STATE.</span> no authority, without special directions from the judgment-creditor, or person entitled to the judgment, to receive any thing in payment of the judgment but gold or silver.   *Const. U. States*, art. 1, sect. 10.   By receiving bank-notes in payment, without such directions, the justice rendered himself liable to the plaintiff, in lawful money, for the amount received (1).

Issues were joined on the second, third, and fourth pleas. The cause was tried by a jury, and a verdict and judgment were rendered for the plaintiff.

The plaintiffs in error contend, that the suit could not be sustained for the use of the relators, the judgment not being assignable.   We think, however, that the statute of 1838 authorized such an assignment of the judgment as would justify the present action.   R. S. 1838, p. 376, sect. 56.

Several instructions asked for by the plaintiff were given, and one asked for by the defendants was refused.   These instructions need not be examined, as the record contains the evidence, and shows clearly that the issues of fact were rightly decided.   There was, however, one issue, viz., that on the plea of *nul tiel record*, which should have been tried by the Court.   It was, to be sure, the judgment of a justice of the peace that was in question, but his Court must be considered as a Court of record.   A Court that is bound to keep a record of its proceedings, and that may fine or imprison, is a Court of record.   3 Blacks. Comm. 24.   A justice's Court is within that definition (2).

*Per Curiam.*—The judgment is reversed.   Cause remanded, &c.

*R. A. Chandler*, for the plaintiffs.

*B. F. Gregory*, for the defendant.

(1) A marshal has no right to receive any thing, in discharge of an execution, but gold or silver, unless by the authority of the plaintiff.   *Griffin et al.* v. *Thompson*, 2 Howard, 244.—*M'Farland* v. *Gwin*, 3 *id.* 717.

(2) In *New Jersey*, a justice's Court is, by the terms of the statute, a Court of record.   *Hinchman* v. *Cook*, 1 Spencer's R. 271.