## PATTEN *versus* LIBBEY.

In a suit to recover for an injury done to the plaintiff's horse, through the un-skillfulness of the defendant, the expenses of doctoring and taking care of it cannot be recovered, *unless declared for as special damage.*

EXCEPTIONS from the District Court.

Case. The defendant, by consent of the plaintiff, attempt-ed some treatment of the plaintiff's horse in order to increase its value. The result was unfavorable, and in consequence of it the horse died.

After the injury, the plaintiff sent for a horse-doctor, and expended time and money, in attempting a cure.

The declaration alleged that the horse was lost by the want of skill and faithfulness on the part of the defendant, and claimed to recover damage therefor.

The Judge instructed the jury upon the question of liability for unskillfulness, and also, that if they found a verdict for the plaintiff the amount to be assessed for him would be the "damage sustained by him in the loss of his horse, and that *they would be authorized to include, in addition, the amount of expenses properly incurred by the plaintiff in sending for a person skilled in disorders of horses, and in the care of the horse after the injury until its death.*" The verdict was for the plaintiff. The defendant excepted.

*J. Shepley,* for the defendant.

The instructions are erroneous, because they authorize the jury to include in their verdict, *special damages,* which are not specified in the plaintiff's declaration. Greenl. Ev. 2d ed. vol. 2, § 254, and notes; Chitty's Pl. 10th Am. Ed. p. 338, and p. 396, and notes; *Furlong* v. *Polleys & al.* 30 Maine, 493.

*Wilkinson* and *Tapley,* for the plaintiff.

1. The plaintiff is entitled to an indemnity for the damage sustained by the fault of the defendant. In such cases, all damages, which are the natural and proximate consequence of the wrong, must be included. *Longfellow* v. *Quinby,* 29 Maine, 205 ; 2 Greenl. Ev. § 268, 253, and 635 ; *Watson* v. *Lisbon Bridge,* 14 Maine, 201 ; *Dickinson* v. *Boyle,* 17 Pick. 79. In actions of tort, the declaration involves not only the principal wrong, but its injurious results. 16 Conn. 200. The expenses in doctoring and taking care of the horse were the " natural and proximate consequence of the wrong," and " the necessary result of it," and not " special damages." An utter neglect of the horse, in its injured condition, would have been unnatural and unjustifiable.

2. The plaintiff was bound to use diligence and faithfulness in order to reduce the damages which the defendant would be held to pay. 7 Greenl. 51 ; 17 Pick. 288 ; 2 Greenl. Ev. § 261 .

Had not a cure been *attempted,* the defendant would have justly complained that his rights had been disregarded.

The want of an allegation of special damage was cured by the defendant's neglecting to object to the testimony on that point.

The instructions may have been given in view of the waiver by the defendant of an allegation of special damage. 2 Greenl. Ev. § 254 ; 1 Chitty's Pl. page 399 ; *Waite* v. *Maxwell,* 5 Pick. 220 ; *Rice* v. *Bancroft,* 11 Pick. 472 ; *Curtis & al.* v. *Jackson,* 13 Mass. 513 ; *Jacobs* v. *Bangor,* 16 Maine, 187.

HOWARD, J. — The instructions of the Judge of the District Court, as to the measure of damages, cannot be sustained. Special damages were not declared for, and, as they were not the necessary or inevitable result of the alleged wrong, cannot be claimed or recovered in this action.

*Exceptions sustained, verdict set aside, and a new trial granted.*