TEAGARDEN *v.* HETFIELD.

Trespass for killing a mare. The complaint charged the unlawful killing, stated the value of the mare, and claimed as damages 200 dollars. On the trial, the mare was proved to have been worth 112 dollars, 50 cents. The plaintiff was permitted, the defendant objecting, to prove damages for trouble and expense in nursing and feeding two colts which the mare was suckling, and also care and expense in taking care of the wounded mare until she died. Verdict and judgment for the plaintiff for 131 dollars.

*Held*, 1. That the evidence touching the trouble and expense, &c., should have been refused; that such damages were not the direct, necessary result of the wrongful act complained of, but were merely consequential and special, and not being alleged in the complaint, they were not in issue in the cause.

2. That, in the absence of that evidence, the verdict was too large.

*Friday,*
*January 14,*
*1859.*

APPEAL from the *Fountain* Circuit Court.

WORDEN, J.—Trespass by the appellee against the appellant, for killing a mare. The complaint charges the unlawful killing, by the defendant, of the mare of the plaintiff, of the value of 150 dollars, by which trespass the plaintiff was damaged, and claims judgment for 200 dollars in damages.

Trial, and verdict for plaintiff for 131 dollars, on which judgment was rendered, over a motion for a new trial.

A bill of exceptions setting out the evidence, shows that on the trial, the mare was proven to be worth from 85 dollars to 125 dollars. It further appears that the plaintiff was permitted to prove that at the time the mare was killed she had an unweaned colt; and, also, that she was suckling the colt of another mare which had died; and that it became necessary to feed and nurse these colts, and the trouble and labor and expense of feeding them three months, was 50 dollars; and that the care and attention to the wound of the mare until she died was worth five dollars.

This testimony, as to the expense of nursing and keeping the colts, and the expense of taking care of the mare until she died, was objected to at the time it was offered, on the ground that such damages were not the direct result of the wrongful act complained of, but were merely consequential, and were not alleged in the complaint, and

not in issue in the cause, and the defendant had no notice thereof. But the objection was overruled, and the evidence admitted, to which ruling exception was duly taken.

The defendant, at the proper time, asked the Court to give the jury the following instruction, viz.: "That if the jury find for the plaintiff in this case, they cannot include in their finding, damages for the feeding of the two young colts, for the reason that such damages were consequential merely, and were not particularized or stated in the complaint, nor involved in the issue in this cause."

This instruction was refused, and exception was taken.

The admission of the above-noted testimony, and the refusal to give the instruction asked, were (among other things) correctly made the basis of the motion for a new trial.

It is said by Mr. GREENLEAF, in his work on evidence, vol. 2, § 254: "But where the damages, though the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages; which the law does not imply, and, therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial." This rule has been followed in this Court. *Young* v. *Tustin*, 4 Blackf. 277. *Vide*, also, *Reeves* v. *Andrews*, 7 Ind. R. 207. In Sedgw. on Dam. (p. 612, *et seq.*, 3d ed.), the rule is illustrated by a variety of cases cited. This rule is, without doubt, applicable to the case at bar. The law will undoubtedly imply damages to the extent of the value of the mare. To this extent the damages are the necessary result of the wrongful act complained of. But if special damages, beyond this, have been sustained as a natural consequence of the wrongful act, they should have been particularly specified in the complaint.

The appellee, however, insists that as the evidence is all before this Court, showing that the verdict is entirely right, the judgment below should be affirmed, notwithstanding improper evidence was received, and error committed by the Court in refusing to give the charge. *Hooker* v. *The*

*State,* 7 Blackf. 272.—*Mc Call* v. *Seevers,* 5 Ind. R. 187.—*Stout* v. *Morgan,* 6 *id.* 369.—*Short* v. *Scott, id.* 430. These authorities would be applicable if the verdict were sustained by the legal evidence adduced. Were that the case, the admission of the improper testimony, and the refusal of the Court to give the charge asked, would appear to have done no harm. But such, we think, is not the case. The evidence fully sustains the main proposition—the killing, by the defendant, of the plaintiff's mare. But, from the amount of the verdict, the jury must have allowed something on the testimony objected to, for damages not stated in the complaint. Three witnesses fixed the value of the mare at 125 dollars, one at 100 dollars, and one at 85 or 90 dollars. The mean value, as thus established, was 112 dollars, 50 cents. Taking the medium value of the mare, as established by the testimony, to be the amount allowed for her by the jury, it will be perceived that the verdict is considerably too large; and it is for six dollars more than the highest value put upon her.

But the appellee having remitted in this Court 18 dollars, 50 cents, of the judgment, we are of opinion that it ought to be affirmed for the balance. *Phillips* v. *Nicholas,* 3 Blackf. 133. But this must be done at the costs of the appellee in this Court.

*Per Curiam.*—The judgment is affirmed for the sum of 112 dollars, 50 cents, at the appellee's costs.

*W. H. Mallory,* for the appellant.

*D. W. Voorhees* and *C. Tyler,* for the appellee.