Plunkett vs. The Minneapolis, Sault Ste. Marie & Atlantic R. Co.

PLUNKETT, Respondent, vs. THE MINNEAPOLIS, SAULT STE. MARIE & ATLANTIC RAILWAY COMPANY, Appellant.

*February 24 — March 17, 1891.*

*Railroads: Depot grounds: Evidence.*

1. Depot grounds, where our statute does not require railroad companies to maintain fences, may properly be defined as "the place where passengers get on and off trains, and where goods are loaded and unloaded, and all ground necessary and convenient and actually used for such purpose by the public and the railroad company."

2. An error in admitting improper evidence as to the limit of the depot grounds, in an action against a railroad company for an injury to cattle on its unfenced track, will be deemed immaterial, where the other evidence clearly shows that they did not extend to the place where the cattle entered upon the track.

3. In such action, where the plaintiff testifies that he has bought and sold cattle for twenty years, he may properly be permitted to testify as to the value of the cattle injured.

4. Under a complaint in such action which alleges that the plaintiff was put to expense in caring for and trying to cure the injured cattle, and demands damages therefor, evidence is admissible and instructions may properly be given as to the cost of such care.

APPEAL from the Circuit Court for *Chippewa* County. The case sufficiently appears from the opinion.

For the appellant it was submitted on the brief of *H. B. Dike*, and *Koon, Whelan & Bennett.* Among other things, they contended that the opinion of a witness as to the limits of the "depot grounds" was improperly admitted. *Fowler v. Farmers' L. & T. Co.* 21 Wis. 77. The instruction as to what constituted "depot grounds" was misleading, in that it restricted them to the place used jointly by the public and the railroad company, and excluded grounds necessary, convenient, and actually used for handling freight, switching cars, and supplying water. *Peters v. Stewart,* 72 Wis. 133; *McGrath v. D., M. & M. R. Co.* 57 Mich. 555. A railroad company is not required to fence its road where fences would endanger its employees,

or interfere with its own rights in operating its road or transacting its business, or with the rights of the public in doing business with the company. *Evansville & T. H. R. Co. v. Willis*, 93 Ind. 507; *Ind., B. & W. R. Co. v. Quick*, 109 id. 295; *Cleveland, C. C. & I. R. Co. v. Newbrander*, 11 A. & E. R. Cases, 480; *Antisdel v. C. & N. W. R. Co.* 26 Wis. 150. It was error to permit plaintiff to testify as to the value of his cattle. *Bonesteel v. Orvis*, 22 Wis. 522.

*T. F. Frawley*, for the respondent, contended, *inter alia*, that a witness who has dealt in cattle for twenty years may give his opinion of the value of that class of property. 1 Suth. Dam. 798; *McDonald v. Christie*, 42 Barb. 36; *Haskell v. Mitchell*, 53 Me. 468; *Vandine v. Burpee*, 13 Met. 288; *Ohio & Miss. R. Co. v. Irvin*, 27 Ill. 178; *Betz v. Humel* (Pa.), 13 Atl. Rep. 938; *Texas & P. R. Co. v. Virginia Ranch, L. & C. Co.* (Tex.), 7 S. W. Rep. 341; *Patch v. Boston*, 146 Mass. 55; *La Fayette v. Nagle*, 113 Ind. 425.

ORTON, J. The railway of the defendant company runs in an eastern and western direction through the village of Weyerhauser in Chippewa county; and for many miles east and west of said village the road had never been fenced, nor cattle-guards constructed; and the road was finished, and a depot established at that place, in 1884. The depot buildings consist of a depot building and platform where passengers and freight were received and left, a water-tank, coal-shed, turn-table, and round-house, and there are several side and switch tracks. About two-thirds of a mile east of the depot building, and 600 feet east of the last side or switch track, there is a highway crossing, and at the crossing is the place where the plaintiff's six oxen came in on the railroad track on the night of July 28, 1888, and three of them were killed and three of them injured by the cars of the company. The plaintiff recovered, and the defendant has appealed to this court from the judgment.

1. The learned counsel of the appellant contends that the facts show that the depot grounds of the company extend east of said highway or the place where the cattle entered upon the track of the railway, and that it was not, therefore, incumbent on the appellant company to fence the track, or construct cattle-guards at and for some distance east of said highway. The jury found that the cattle neither entered upon the track nor were killed or injured within the depot grounds of the company, and no other negligence of the company was found, except its failure to fence the track and construct cattle-guards at this point. This is the main and material question in the case. The court instructed the jury " that depot grounds, within the meaning of the law, is the place where passengers get on and off trains, and where goods are loaded and unloaded, and all grounds necessary and convenient and actually used for such purpose by the public and by the railroad company." This instruction was excepted to by the appellant, and it is contended that this legal definition of depot grounds is too limited to embrace grounds absolutely necessary for depot purposes. The definitions of depot grounds, given by the courts, are various, and it is perhaps a little difficult to make a definition of practical application in all particulars.

But the learned counsel of the appellant cites *Fowler v. Farmers' L. & T. Co.* 21 Wis. 78, in which the definition is given as " a place where passengers get on and off the cars, and where goods are loaded and unloaded, and all grounds necessary and convenient and actually used for these purposes." It would seem that the court had copied this definition in the above instruction, as they are so near alike in language and scope, and so clearly sanction the instruction. The learned counsel of the respondent also cites this case as authority for the instruction. Where both parties so clearly agree as to the correctness of this instruction as

sanctioned by this court that ought to be the end of the argument, but the learned counsel on both sides have continued the discussion, and cited numerous authorities. Other courts have sanctioned the above definition given by this court and in the instruction as follows: In *Maghee v. C. & A. R. Co.* 45 N. Y. 520, "the depot of the railroad company is where it is acccustomed to receive, deposit, or deliver the goods and merchandise carried by it." In *State v. N. H. & N. R. Co.* 37 Conn. 153, "the depot is a place where the passengers are received and left, and where freight is deposited. It is a place of deposit." Reference may be had to the briefs of counsel for many cases defining depot grounds, but as the instruction is sanctioned by this court and sustained by the other authorities, any further citation of cases in this opinion is unnecessary. The grounds necessary or useful and used for the purposes of the freight and passenger business of the road, which includes all the business in which the public are interested, may properly be called "depot grounds." This would include the switching and making up of trains, and the use of side tracks for the storing of cars, and the place where the public require open and free access to the road for the purposes of such business. There is really no disagreement of the courts in respect to these essentials of depot grounds.

Within the widest definition found in any case the highway mentioned is far outside of the depot grounds of Weyerhauser. The eastern end of the side or switch tracks is as far as they could extend for any possible public purpose of a depot. The testimony clearly warranted the jury in finding that the place where the oxen entered upon the track of the road was not within the depot grounds. The road should therefore have been fenced at that place, and a cattle-guard constructed in the highway crossing.

The other exceptions are quite immaterial. Exception is taken to the admission of the testimony of the witness Stitt,

·that a certain point named was the eastern limit of the depot grounds. That testimony was improper, and would have been a fatal error if there had been any doubt as to the depot grounds not extending to the place where the cattle entered upon the track; but, there being no doubt whatever as to that fact on the other evidence in the case, the error becomes immaterial, and could not have affected the verdict improperly.

Another exception is taken to the testimony of the plaintiff as a witness, who had no knowledge of any market price of cattle, as to the value of the oxen killed. The plaintiff testified that he had bought cattle for the last twenty years, and what the market value of those cattle was on the 28th day of July last, and that he had bought and sold cattle there (that is, Chippewa Falls,— the nearest cattle market). The plaintiff certainly showed himself competent to testify as to the value of the oxen. The value of such property is a mere matter of opinion of the witnesses to aid the jury in determining the question, and there was no testimony showing that the plaintiff's estimate was too high. See the many cases cited in the brief of respondent's counsel.

Exception is taken to the evidence, the instruction of the court, and the verdict of the jury, as to the cost of taking care of and trying to cure the oxen injured. The ground of the exception seemed to be that no foundation had been laid for such evidence in the complaint. It is alleged in the complaint " that the plaintiff was put to large expense in caring for and attempting to heal the injuries and wounds of said three oxen so injured as aforesaid, and was deprived of their use," etc. The learned counsel of the appellant must have been mistaken in supposing that this class of damages was not alleged in the complaint, for they cite authorities that show them proper in such a case if they are alleged as part of the damages; as, in *Teagarden v. Het-*

*field*, 11 Ind. 522, " that they were not recoverable because not alleged; " in *Patten v. Libbey*, 32 Me. 378, " that such special damages must be pleaded; " and *Dabovich v. Emeric*, 12 Cal. 171, " that the jury cannot give such compensation unless there is an allegation in the complaint as to those matters." If the allegation as to this class of damages was uncertain or indefinite, a motion should have been made to have it made more definite and certain. The allegation was sufficient as the foundation for such evidence, instruction, and verdict, and there was no error in this respect.

This embraces all the points made in the brief of the learned counsel of the appellant, and we are unable to find any error in the case.

*By the Court.*— The judgment of the circuit court is affirmed.