CASE 17—SPECIAL PROCEEDING—FEBRUARY 8.

# Karnes v. Drake.

### APPEAL FROM M'LEAN CIRCUIT COURT.

1. ROADS—OPENING OF FROM COAL MINES TO RAILROAD—STATUTORY
   CONSTRUCTION.—Under the provisions of sec. 45. article 1, chap.
   94 of General Statutes, which gives to the owner of extensive
   mines within three miles of a railroad the right to apply to the
   county court to establish a road from such mines to the most
   convenient and suitable depot on such railroad, there is no right
   given to establish a road to any point on the railroad at which
   there is no established depot.

2. PRACTICE.—The jurisdictional facts must be stated in an order
   appointing viewers in such proceedings.

3. STATUTORY CONSTRUCTION.—If the applicant for such road pro-
   poses to establish thereon a railway, the order of the county
   court appointing viewers should show that fact, as sec. 46, article
   1. chapter 94, Gen. Statutes, provides that no such railway shall
   be established until the court shall have appointed viewers and
   proceeded in all respects as in cases of application to establish
   public highways.

4. APPEALS.—An appeal will lie from an order of the county court
   denying an application for a road under sec. 45, although that
   section follows section 43, which provides for appeals from
   decisions of county courts in regard to the establishment of roads.

HOLT & HOLT FOR APPELLANTS.

1. A county court has exclusive original jurisdiction in the estab-
   lishment of roads and if the circuit court had any jurisdiction
   at all of the appeal, it was appellate jurisdiction only; and if
   there had been error in the county court proceedings it should
   have been reversed by the circuit court and sent back to the
   county court for proper proceedings and should not have been
   dismissed absolutely by the circuit court. Rawlings v. Biggs, 85
   Ky., 251; County Court v. Shanks, 88 Ky., 476; Helm v. Short, 7
   Bush, 623; Smith v. McMeekin, 79 Ky., 24; General Statutes,
   chap. 94, art. 1, secs. 1117 and 45; Tingle v. Tingle, 12 Bush, 160.

Karnes v. Drake.

WILLIAM B. NOE on same side.

1. Drake appeals to the circuit court from an order awarding the writ of *ad quod damnum*, and not from the final order of condemnation; the order from which he appealed was not a final order and the motion in the circuit court to dismiss the appeal should have prevailed.

2. The law authorizing the opening of such roads or tramways makes no provision whatever for an appeal from a judgment of the county court; sec. 43 of chap. 94 of the General Statutes provides for an appeal from the judgments of the county court in opening public roads, and there is also a provision for an appeal in regard to passways, but none with reference to the opening of a tramway.

LITTLE & LITTLE for appellee.

1. The county court never appointed viewers to view a route for a railway or for a depot, and the viewers appointing made no such report on such railway or depot, and the railway and depot were ordered to be established without any report of viewers or any ascertaining of damages resulting to appellee therefrom; the county court had no jurisdiction to do this, the jurisdictional facts not properly appearing, the county court had no jurisdiction to make the order. Jacobs' Admr. v. L. & N. R. R. Co., 10 Bush, 209; Nischen v. Hawes, etc., 15 Ky. Law Rep., 40.

W. G. TAYLOR of counsel on same side.

JUDGE PAYNTER delivered the opinion of the court.

The appellant, Karnes, is the owner and operator of a large and extensive coal bank within about one and one-fourth miles of the Owensboro & Russellville railway. He desired to have a road established from his coal bank to a point on that railroad, and on which he desires to erect and keep a railway with the necessary fixtures and appurtenances.

This proceeding is under section 45, article 1, chapter 94, General Statutes, which reads as follows:

"Any person or persons owning any large and extensive

coal bank, or mine of iron ore, any iron works or stone quarry, within three miles of any navigable stream or railroad in this Commonwealth, shall have the right to apply to the county court of the proper county to establish a road from such banks, mines, works, or quarry, to the most convenient and suitable landing on such navigable stream or depot on such railroad; on which road the court may, if it deem the object of sufficient public importance and utility, allow the applicant to erect and keep a railway, with the necessary fixtures and appurtenances; and the court may further condemn and appropriate to that purpose a sufficient quantity of ground at said landing for a depot, to be used by the said applicant, not exceeding two acres."

The order appointing the viewers, directed them "to view a proposed road from Karnes' coal bank to a point on the Owensboro & Russellville railway, near the line between the lands of S. H. Humphrey and G. K. Drake to the north of said line, and terminating on the lands of said G. K. Drake." The order does not state the ownership of the coal bank, nor that there is a depot on the land of Drake, or at the railroad at that point. The statute allows the person owning a large and extensive coal bank to apply to the county court to es-tablish a road from the bank "to the most convenient and suitable ........... depot on such road." The act does not allow the owner of such bank to establish a road to any point on the railroad, but only to a convenient and suitable depot. It means a depot already established. When we speak of a depot at a railroad, we mean a building which is used for the accommodation and protection of railway passengers or freight. Webster's International Dictionary de-

fines a depot to be "a railway station; the building for the accommodation and protection of railway passengers or freight."

It was not intended that the owner of a coal bank should have the right to condemn property for a road from his bank to any point that he might select upon the railroad, but the statute limits his right to do so to an established depot on a railroad. This seems to us to be the only conclusion to be reached from the language employed. If there was any doubt in regard to the matter, reference to the first section of the same article and chapter in which section forty-five appears would aid materially in removing it. This section relates to the establishment of public roads, and they can only be established to the county court house and public ware houses, etc., and to a convenient depot on a railroad. When it says to a convenient depot in that section, it means one actually in existence—an established depot.

We are also materially aided in determining the meaning of the Legislature by an examination of section 1, article 2, chapter 94, General Statutes. This relates to the establishment of passways. They can be established to "a railroad depot most convenient" to the applicant's residence. In the establishment of highways and passways, the order appointing viewers should state jurisdictional facts, and these facts are such as the statute requires to exist as a sufficient consideration to authorize the court to establish the road. The order is fatally defective when it does not state one of the causes and conveniences of travel as to the court house, ware houses, etc., as required by the statute. When

such defect appears in the order the proceedings should be dismissed without prejudice. Abney v. Barnett, 1 Bibb, 557; Fletcher v. Fugate, 3 J. J. M., 631; Nischen v. Hawes, 15 Law Rep., 40.

The jurisdictional facts must be stated in the order appointing viewers when the applicant is proceeding under section forty-five, *supra*. As we have said, the order did not propose to have the route viewed from the coal bank to an established depot. Besides as a matter of fact there was no depot on the railroad or on Drake's land at the point where the proposed road was to terminate. There are other criticisms that might be made with reference to the order appointing the viewers, but as it is invalid, for the reasons we have given, they are not made. It was not stated in the order appointing the viewers that Karnes proposed to erect and operate and keep a railway on the road proposed to be surveyed. The order simply described the road. Nothing appeared in the proceedings with reference to the construction of a railroad on the road until after the viewers had made a report.

Section 46, article 1, chapter 94, General Statutes, provides that, "No such railway shall be established or permitted, and no such depot allowed, until the court shall have appointed viewers, and proceeded in all respects as in cases of application to establish public highways, under the laws at the time in force, giving to the owner or owners, tenant or tenants of the land over which such road is proposed to be run or made, the same notice, and the same right to claim an assessment of damages, as is given in cases of application to establish public highways," It is plain from the lan-

guage of this statute, if the applicant proposed to establish a railway, the order of the county court appointing viewers should show that fact. The order failing to do this, the court was without authority to make any order giving the right to erect and keep the railway. It is insisted that the statute does not provide for appeals from orders of the county court to the circuit court in proceedings like this.

Section 43, article 1, chapter 94, General Statutes, provides for appeals from decisions of county courts in regard to the establishment of roads, etc.

Article 1, of chapter 94, General Statutes, relates to roads, and the establishment of roads.

Section 43 provides for appeals from decisions of county courts ordering new roads, etc.

Section 45 is part of the same article as section 43. Simply because the section in relation to proceedings like the one under consideration follows section 43 in the article, does not indicate that appeals were not to be allowed from decisions of county courts in proceedings like this. The language of section 43 is broad enough to authorize an appeal in this case.

Under article 2 (relating to passways) appeals are allowed from orders of the county court in proceedings to establish passways. It is perfectly manifest that a party should have the right, and that it is given him, to appeal from decisions of the county court in a proceeding like this.

The judgment is affirmed.