SHIVELY, RESPONDENT, v. DE SNELL, APPELLANT.

(No. 2,418.)

(Submitted June 13, 1907. Decided June 24, 1907.)

[90 Pac. 749.]

*Appeal—Review—Conflicting Evidence.*

1. Where the evidence in an action to recover money, alleged to have been obtained by fraudulent representations in the sale of mining stock, presented a sharp conflict, was of such a character as that the jury might have found in favor of either party, and a new trial was refused by the district court upon a re-examination of the facts, the verdict of the jury will not be disturbed on appeal.

*Appeal from District Court, Silver Bow County; Jno. B. Mc-Clernan, Judge.*

ACTION by Edward W. Shively against George E. De Snell. Judgment for plaintiff. Defendant appeals from the judgment and an order denying him a new trial. Affirmed.

*Mr. C. M. Parr,* for Appellant.

*Mrs. Ella K. Knowles Haskell,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The first cause of action set forth in the complaint in this case is as follows:

"(1) That at all the times hereinafter mentioned the Butte and Arizona Copper Mining Company was a corporation, organized and existing under the laws of Arizona.

"(2) That on or about the 2d day of April, 1902, at Butte City, Mont., the defendant offered to assign and sell to the plaintiff 5,000 shares of the capital stock of the said Butte and Arizona Copper Mining Company, and, with the intent to deceive and defraud the plaintiff, did falsely and fraudulently represent to the plaintiff that the capital stock of said company was of great value and difficult to procure, but that he could obtain 5,000 shares thereof at much less than the usual selling price from the owner thereof, and deliver the same to the plaintiff for the sum of $500; that the said company had very recently been organized, and no certificates of stock had been issued; that as soon as the stock certificate book was obtained, and the stock of said company issued, a stock certificate for 5,000 shares thereof would be delivered to the plaintiff for the said sum of $500.

"(3) That the plaintiff, relying on said false and fraudulent representations, paid for said 5,000 shares of stock in said company the sum of $500, and the defendant thereupon delivered

to the plaintiff an instrument in writing in the following terms, to-wit:

        " 'Butte, Montana, April 2, 1902.

" 'To the Butte and Arizona Copper Company, City:

   " 'For value received I hereby sell, assign, transfer and set over to E. W. Shively five thousand shares of the capital stock of the Butte & Arizona Copper Company, and authorize the secretary of said company to transfer same on the books of the company.

          " ' [Signed]    J. R. DAVENPORT.'

"That this plaintiff never had any conversation, dealings, or negotiations with J. R. Davenport with reference to the sale of said stock. That the name of said J. R. Davenport was not mentioned to the plaintiff by the defendant in connection with the sale of said stock. That, after said sale had been fully agreed upon between the plaintiff and the defendant, plaintiff paid the said sum of $500 by a check on the First National Bank of Butte, Mont. That, when the plaintiff was writing said check, the defendant requested him to make said check payable to Davenport & Kimball, without giving any reason therefor. That plaintiff complied with the said request of the defendant, made said check payable to Davenport & Kimball, and delivered the said check to the defendant. That the defendant never represented to or stated to the plaintiff that he was the agent of the said J. R. Davenport, or of the said Davenport & Kimball, or of any other person.

   " (4)    That in truth and in fact said representations made by the defendant as aforesaid, and each of them, were false and fraudulent, as the defendant well knew, and were made with the intent to defraud the plaintiff; that the said instrument was also false and fraudulent, as the defendant well knew, and was made with the intent to deceive and defraud the plaintiff; that the said company long before said 2d day of April, 1902, had been incorporated and fully organized, and had issued and was issuing stock to those entitled thereto; that at said time

J. R. Davenport, whose name purports to be signed to said instrument, was not and never had been a stockholder in said company; that the stock in said company could be obtained at any time from the proper officers of the company, and was not of great value.

"(5) That the plaintiff presented said instrument in writing to said company, and demanded a certificate of stock for 5,000 shares in said company, purchased by him as aforesaid, but the said company refused to issue such certificate to the plaintiff, and informed him that said J. R. Davenport did not appear as a stockholder on the books of said company; that the plaintiff also demanded from the defendant the delivery of such certificate of stock, but that the defendant has not delivered same to the plaintiff. '

"(6) That the plaintiff has never received any certificate of stock or any other consideration, or thing of value, for the said $500 paid by him as aforesaid."

Plaintiff's second cause of action is similar to the first, except that defendant is alleged to have represented to plaintiff that he could procure twenty thousand shares of the capital stock from a man who was going to Thunder Mountain, and that he (defendant) would take half of it if plaintiff would take the other half, and plaintiff received a paper writing, signed by De Snell himself, in phraseology about the same as the one signed by Davenport.

The material portions of the complaint are all put in issue by the answer. Plaintiff had a verdict and judgment below, and from that judgment, and an order denying a new trial, defendant appeals.

The only contention of the appellant is that the verdict of the jury is not justified, because there was no evidence produced on the part of the plaintiff to sustain the allegations of the complaint relating to fraud on defendant's part, and that therefore defendant's motion for a nonsuit should have been granted. Respondent argues, however, that the evidence clearly proves the fraud alleged in the complaint; but, he says, even

if it did not, it shows that defendant received $1,000 that in equity and good conscience belongs to and should be returned to plaintiff, and that therefore the complaint may be treated as one for money had and received. In our view of the case, it is unnecessary to decide this last question.

The evidence offered at the trial has been carefully examined. To recite it here would serve no useful purpose. Suffice it to say that it presents a sharp issue between the parties as to whether the facts alleged in the complaint are true. In the light of this testimony, the jury might very well have decided in favor of either party. They found for the plaintiff, and the trial judge, who saw the parties and their respective witnesses, denied a retrial of the issues. Under these circumstances, this court will not disturb the verdict or set aside the judgment.

The order denying a new trial and the judgment herein are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.