Benjamin McDonell v. Minneapolis, St. Paul & Sault Ste.
Marie Railway Company.

Opinion filed November 24, 1908.

**Railroads — Injuries to Animals — Sufficiency of Evidence.**

1. Action to recover damages for the negligent killing of stock
.which was trespassing upon defendant's right of way. Plaintiff re-
covered a verdict for $465. *Held,* that the evidence is amply suf-
ficient to justify such verdict.

**Same — Tresspassing on Right of Way — Degree of Care.**

2. The duty of a railway company and its employes, in case of
stock trespassing upon its right of way, is to exercise ordinary care
not to injure it after it is discovered to be in a place of danger.

**Same — Damages.**

3. The complaint alleged, and the plaintiff was permitted over ob-
jection to show, certain special damages suffered by him, on account
of extra care and attention required in rearing a sucking colt, the in-
crease of one of the animals killed. *Held,* not error, as defendant's
negligence in killing the dam of said colt was the proximate cause
of the special damages thus claimed.

**Same — Excessive Damages.**

4. Evidence as to the extent of plaintiff's damages examined, and
*held* that the verdict is not excessive.

Appeal from Ward County Court; *Davis, J.*

Action by Benjamin McDonell against the Minneapolis, St.
Paul & Sault Ste. Marie Railway Company. Judgment for plain-
tiff and from an order denying a new trial, defendant appeals.

Affirmed.

*L. W. Gammons,* for appellant.

Defendant was bound only to ordinary care after discovery of
animals on right of way. Wright v. Ry. Co., 12 N. D. 159, 96
N. W. 324.

On rebuttal of presumption of negligence, burden shifts to
plaintiff to prove it. Smith v. Ry. Co., 3 N. D. 17, 53 N. W. 173;
Hodgins v. Ry. Co:, 3 N. D. 382, 56 N. W. 139.

*LeSeuer, Bradford & Hurley,* for respondent.

Where there is a dispute in the evidence presumption is not overthrown, and case must go to the jury. Bishop v. Milwaukee Ry. Co., 4 N. D. 536, 62 N. W. 605.

FISK, J. Plaintiff had judgment in the court below for the sum of $484.30 damages and costs, and from such judgment, and from an order denying a new trial, defendant appeals.

Such recovery was for alleged negligence of defendant and its servants in the operation of one of its passenger trains, resulting in the killing of two of plaintiff's horses, which had strayed upon the defendant's railway track and were struck by such train, on September 4, 1905. The value of the horses was alleged at the sum of $500, and special damages were pleaded, and, over defendant's objection, proven, on account of extra care and attention required in raising a sucking colt, the increase of one of the animals killed, by reason of the death of such animal. Appellant advances the following reasons why the judgment and order appealed from should be reversed: "That the evidence is insufficient to justify the verdict; that the presumption of negligence was wholly overcome; that there is no evidence of any actual negligence on its part, but on the contrary, that the evidence discloses that the defendant exercised due care to avoid injury of the horses after discovering them upon the track; that the court erred in admitting evidence as to damages on account of the colt, the said damages, if any, being too remote; and that the verdict is excessive." These contentions do not require extended notice. It is conceded that the animals were trespassing upon defendant's right of way, and hence there is, and can be, no dispute as to the rule of law governing the degree of care exacted of defendant and its employes to avoid injury to the animals. As stated in Wright v. Ry. Co., 12 N. D. 159, 96 N. W. 324: "Plaintiff's horse was a trespasser upon defendant's right of way, and as to it the measure of defendant's duty was to exercise ordinary care not to injure it after it was discovered to be in a place of danger."

By the verdict the jury necessarily found that ordinary care was not exercised by defendant's employes to prevent the injury after discovering the animals upon the track. We are now asked to decide that the evidence is insufficient to justify such verdict, and this, notwithstanding the holding of the trial court to the contrary. This will not be done, except in a clear case of insufficiency. 9 Cur. Law, 215, and cases cited; 3 Cent. Dig. sections 3928, 3948-

3950, and many cases cited; also Hardt v. Chicago, etc., R. Co.,. 130 Wis. 512, 110 N. W. 427; Graham v. Bryant, 4 Cal. App. xiii,. 87 Pac. 232; Mo. Real Estate Syndicate v. Sims, 121 Mo. App. 156, 98 S. W. 783; Shively v. De Snell, 35 Mont. 508; 90 Pac. 749. That the verdict is amply justified under the evidence is too, clear for discussion, and to review the testimony would be a needless task. The proof shows that the accident occurred ·in ·broad daylight; that both the engineer and fireman saw the animals in ample time before the accident to have avoided the same, as the engineer· testified that he had the train under perfect control. .There is a conflict in the testimony as to just how the accident occurred, but the plaintiff testified positively that he was an eye. witness to the accident, and that the horses did not any time leave the track after· he first saw them, until they were thrown off by the engine; that. the train was, as nearly as he could judge, ·between 10 and 15 rods, from the horses when he first saw them upon the track. The distance one of the horses was thrown, and other circumstances in the· case, tend to corroborate the plaintiff's testimony. Suffice it to say that the record presents a clear case for the jury, and hence the· verdict cannot be disturbed upon the alleged ground of insufficiency of the evidence to support the same. · This sufficiently disposes of appellant's first three contentions.

It is next contended that the court erred in admitting evidence· as to special damages occasioned ·by additional time and attention. required in raising and caring for a suckling colt, the increase of· one of the animals killed. These damages are specially ·pleaded in the complaint, being alleged as follows: "That at the time of· said killing the plaintiff was the owner of a suckling colt, being the· increase of the mare described herein, and by reason of said killing of said mare plaintiff was obliged to raise said colt by hand, and to care for it and nurse it specially; that the expenditure of· time and labor thus employed was in the sum of $25; that the· plaintiff is further damaged in said amount." The ground of objection to this testimony was that the damages thus claimed were· too remote. No authorities are cited, either against or in support of the correctness of the court's ruling, and we have been able· to find but one case bearing directly upon this question. That is· the case of Teagarden v. Hetfield, 11 Ind. 522. There plaintiff sought to recover special damages, identically the same as in the· case at bar, but such recovery was denied because not specially· pleaded in the complaint. By inference, therefore, said case may-

be considered an authority in respondent's favor. The rule governing the measure of damages in cases like the one at bar is embraced in section 6582, Revised Codes 1905, as follows: "For the breach of an obligation not arising from contract the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." It is perfectly plain from the language employed in said section that plaintiff may recover all damages which are the proximate result of defendant's negligence, whether such damages could have been anticipated or not. Such was the construction placed upon this statute by this court in Ouverson v. City of Grafton, 5 N. D. 281, 65 N. W. 676, and such is the general rule recognized by the authorities. Brown v. C., M. & St. P. R. Co., 54 Wis. 342, 11 N. W. 356, 911, 41 Am. Rep. 41, and cases cited; Coy v. Indianapolis Gas Co., 146 Ind. 655, 46 N. E. 17, 36 L. R. A. 535. In the latter case it was said: "All damages directly traceable to the wrong done and arising without an intervening agency, and without fault of the injured person himself, are recoverable. The wrong in such cases is said to be the proximate cause of the injury." The correct test, therefore, would seem to, be whether the special damages claimed are directly traceable to, and are the natural result of, defendant's negligence in killing the mother of the colt. We think it plain that they are. As the direct and immediate result of the injury, additional services were required by plaintiff in caring for the colt. It was one of the consequences naturally flowing from defendant's wrong. The rule or principal announced in the old and often cited squib case of Scott v. Shepherd, 2 W. Bl. 892, that, "the act of throwing the squib being unlawful, the defendant was liable to answer for the consequences, be the injury mediate or immediate," is still the rule, as shown by the modern authorities, many of which are cited in the foregoing cases.

The only remaining contention is that the verdict is excessive. It was for $465. Plaintiff testified that the true value of the horses was $500, and his undisputed testimony was that the special damages suffered by him, on account of extra work in rearing the colt, amounted to $25. If this testimony was true, and the jury had a right to accept it as true, the verdict was not only not excessive, but was for $60 less than the actual damage.

Finding no error in the record, the judgment and order appealed from are hereby affirmed. All concur.