STATE v. JASPER & E. R. CO.

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1913. Rehearing Denied Feb. 6, 1913.)

1. RAILROADS (§ 226*)—CONSTRUCTION—DEPOTS—TOILETS—STATUTES—CONSTRUCTION.

Acts 31st Leg. c. 96 (Rev. Civ. St. 1911, art. 6592), requires every railroad corporation operating in Texas, for the transportation of passengers, to maintain suitable toilets at each passenger station on its line, either within its passenger depot or in connection therewith, etc. *Held*, that such act only requires the erection and maintenance of toilets by railroads at stations where it has constructed and maintains a building, commonly known as a "depot," for the accommodation and protection of passengers received and discharged thereat, and does not require such maintenance at way or flag stations, where no depot or building has been erected.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 740; Dec. Dig. § 226.*]

2. RAILROADS (§ 254*)—PASSENGER STATION—"DEPOT"—TOILETS—FAILURE TO CONSTRUCT—PETITION FOR PENALTY.

Where, in an action by the state against a railroad company for failing to construct and maintain proper toilets in or near a passenger depot, as required by Acts 31st Leg. c. 96 (Rev. Civ. St. 1911, art. 6592), the petition alleged that defendant established and had maintained for more than four years a depot or place for the discharging, receiving, etc., of both passengers and freight for hire at such place, and that during such time defend-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ant had failed or refused to erect and maintain toilets in said depot, or within a reasonable and convenient distance therefrom, the petition sufficiently alleged that the railroad company maintained a building at such point for the accommodation and protection of passengers; the word "depot" being used in its ordinary sense to mean a building, "a railway station, a building for the accommodation and protection of railway passengers or freight."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*

For other definitions, see Words and Phrases, vol. 3, pp. 2004, 2005.]

3. STIPULATIONS (§ 14*)—OPERATION IN GENERAL—EFFECT ON PLEADINGS OF AGREEMENT OF FACT.

On the hearing of a demurrer to the petition, a written agreement as to facts not pleaded, which was not filed in the trial court, could not be regarded as a pleading, nor considered in construing the petition or determining the demurrer.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

4. CONSTITUTIONAL LAW (§ 297*) — RAILROADS (§ 226*)—CONSTRUCTION—DEPOTS—TOILETS—STATUTES.

Acts 31st Leg. c. 96, approved March 20, 1909, required all railroads within the state, within 90 days after the act took effect, to construct and maintain proper toilets in or reasonably near their passenger stations constructed and maintained within the state. The act was carried into the Revised Civil Statutes of 1911 as article 6592, except that the words "within ninety days of the taking effect of this act" were omitted. *Held*, that the act having been in effect only two years when the provision was embodied in the Revised Civil Statutes, there was no necessity then for continuing the 90-day provision, and that the article as contained in the statutes was therefore not violative of Const. U. S. Amend. 14, as depriving the railroads of their property without due process of law, because it did not afford the railroad companies a reasonable time in which to comply therewith.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 832–834; Dec. Dig. § 297;* Railroads, Cent. Dig. § 740; Dec. Dig. § 226.*]

5. RAILROADS (§ 226*)—CONSTRUCTION—PASSENGER STATIONS—TOILETS—STATUTES.

A railroad company, not having constructed a passenger station building at a specified place, though required to do so by Rev. Civ. St. 1911, art. 6589, could not by reason of its violation of such section be made liable for failure to comply with article 6592, requiring the construction of proper toilets in or near railroad passenger stations.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 740; Dec. Dig. § 226.*]

Appeal from District Court, Newton County; W. B. Powell, Judge.

Action by the State against the Jasper & Eastern Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. S. McKee, of Newton, E. A. Cheatham, of Orange, and J. F. Lanier, of Beaumont, for the State. Terry, Cavin & Mills, of Galveston, and F. J. & C. T. Duff, of Beaumont, for appellee.

McMEANS, J. This suit was brought by the appellant, the state of Texas, to recover from appellee, the Jasper & Eastern Railroad Company, penalties for the failure of appellee to erect and maintain water-closets or privies in, or within a reasonable and convenient distance from, its depot at Bleakwood, a station on its line of railway, for the accommodation of its passengers who are received on and discharged from its trains, or its patrons and employés who have business with defendant thereat. The court sustained a general demurrer to the plaintiff's petition, and upon the plaintiff declining to amend, dismissed its suit, and from the judgment of dismissal plaintiff has prosecuted this appeal.

The only assignment of error which need be discussed is the first, which complains of the action of the court in sustaining the general demurrer.

The petition, after alleging that the Jasper & Eastern Railroad Company is a corporation duly organized and existing under the laws of the state of Texas, and a common carrier of passengers and freight for hire, continues:

"(1) That said defendant does now, and has for more than four years, owned, operated, controlled, and managed a railroad for the carriage of both passengers and freight for hire, running from Kirbyville in Jasper county, Tex., to the Sabine river in Newton county, Tex.

"(2) That said railroad of defendant crosses the Orange & Northwestern railroad, which is owned and operated by the Orange & Northwestern Railroad Company, which latter company is also a corporation, organized and existing for railroad purposes, under the laws of Texas, and is a common carrier of passengers and freight for hire, and has been such for more than four years, at Bleakwood, in Newton county, Tex., its said railroad extending and being operated from Orange in Orange county to Newton in Newton county, Tex.

"(3) That at the crossing of the said two railroads at Bleakwood the defendant established, and has maintained for more than four years, a depot, or place for discharging, receiving, carrying, and transporting both passengers and freight for hire to other points on its line of railroad, and also for discharging freight and passengers at said place, which is known as Bleakwood.

"(4) That the defendant has never during said four years maintained, constructed, or kept any water-closets or privies for either male or female persons at said Bleakwood station, or depot, but defendant has always failed and refused to maintain, erect, or build at or in said depot, or place within a reasonable and convenient distance therefrom, either a water-closet or privy for the accommodation of its passengers who are received and discharged thereat and of its pa-

trons and employés who have business with defendant at said place."

The statute under which the penalties were sought to be recovered is chapter 96, Acts of the Thirty-First Legislature, approved March 20, 1909, the first section of which is as follows: "Section 1. That each railroad and railway corporation operating a line of railway in the state of Texas for the transportation of passengers thereon, shall hereafter be required to construct within ninety days of the taking effect of this act, and to maintain and keep in a reasonably clean and sanitary condition, suitable and separate water-closets or privies for both male and female persons at each passenger station on its line of railway, either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom at such station for the accommodation of its passengers who are received and discharged from its cars thereat, and of its patrons and employés who have business with such railroads and corporations at such station."

[1] Appellee contends that the demurrer was properly sustained because the petition failed to allege that defendant railroad company had built and was maintaining at Bleakwood a depot building. We may concede, indeed we think that the conclusion is irresistible, that the statute only requires the erection and maintenance by a railroad company of water-closets at stations where it has constructed and maintains a building, commonly known as a depot or station, for the accommodation and protection of its passengers who are received or discharged thereat. The language "at each passenger station on its line of railway, either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom at such station for the accommodation," etc., is capable of no other fair interpretation. Clearly it was not intended to compel the erection and maintenance of such closets at way or flag stations where no depot or building for the protection of passengers or others mentioned in the statute had been erected.

[2] Resolving all reasonable intendments in favor of the pleading, which we must do in considering · it under the scrutiny of a general demurrer, does the petition in this case sufficiently allege a disregard by the railroad company of the requirements of the statute? A correct answer to this question depends upon a proper construction of the third and fourth paragraphs of the petition. In the third paragraph it is charged that at Bleakwood "the defendant established, and has maintained for more than four years, a depot or place for discharging, receiving, etc., both passengers and freight for hire," and in the fourth it is, in substance, alleged that during the four years the defendant had failed and refused to erect or maintain a water-closet at or in said depot, or within a

reasonable and convenient distance therefrom," etc. Does the word "depot" as used in the petition, when taken in its ordinary sense, mean a building? We think it does. Webster defines the word as follows: "A railway station; a building for the accommodation and protection of railway passengers or freight." The Twentieth Century Encyclopedia and Dictionary gives it substantially the same meaning, and appellee admits that in this state the same meaning is attached to the common, everyday use of the word. The word "depot," as applied to railroads, has often been judicially defined to mean a building for the accommodation and protection of passengers and freight. Thus it is said in Railway v. Smith, 71 Ark. 189, 71 S. W. 947: "The term 'depot' usually includes, not only the idea of a stopping place (for trains), but also that of a building, or something of the kind, for the protection and convenience of passengers and freight." In Karnes · v. Drake, 103 Ky. 134, 44 S. W. 444, it is said: " * * * When we speak of a depot at a railroad we mean a building which is used for the accommodation and protection of · railroad passengers and freight." The word is similarly defined in the following cases: State v. Edwards, 109 Mo. 315, 19 S. W. 91: Railway Co. v. State, 61 Ark. 9, 31 S. W. 570; Maghee v. Camden, etc., Transp. Co., 45 N. Y. 520, 6 Am. Rep. 124; State v. New Haven & N. Co., 37 Conn. 163; Plunkett v. Minneapolis, etc., Ry. Co., 79 Wis. 222, 48 N. W. 519; Fowler v. Farmers' Loan & Trust Co., 21 Wis. 79; Louisville & N. Ry. Co. v. Commonwealth (Ky.) 33 S. W. 939.

[3] Appellee admits in its brief that the word "depot" as used in the third and fourth paragraphs of the plaintiff's petition might, without explanation, be construed to mean a building, but says, in this connection, that to prevent this construction being placed upon the word as used by the pleader, it was conceded in the court below, at the time the general demurrer was urged, that no such construction was to be given the word, and that it was the understanding between the court and the attorneys on both sides that no depot building had been erected or maintained by defendant at Bleakwood, and refers us to a written agreement to that effect among the papers in this case. This paper does not appear to have been filed in the court below, nor is it embraced in the transcript, and the only file mark it bears is that placed upon it by the clerk of this court. At most this agreement is as to facts that would be material on a trial of the case on the merits, but it cannot be regarded as a pleading and cannot be considered in determining the only question raised by the demurrer, which is, Does the petition state a good cause of· action? The sufficiency of the petition must be determined by its allegations alone, and evidence, or the agreement of the parties as to facts which may be ma-

terial upon a trial on the merits, cannot be considered by the court to aid it in construing the petition. We think that the petition was good as against a general demurrer, and that the court erred in not so holding.

[4] Appellee further contends that the court properly sustained the general demurrer, for the reason that article 6592 of the Revised Civil Statutes of 1911 is, in its requirements, so oppressive and arbitrary, and practically so impossible of compliance therewith, that the same, by reason thereof, is violative of the fourteenth amendment to the Constitution of the United States. In order to understand this contention we will briefly refer to the history of the legislation on the subject under consideration. In 1905 the Legislature adopted the first law requiring railroad companies to erect and maintain water-closets or privies at their depots. This statute was by our Supreme Court, in M. K. & T. Railway Co. v. State, 100 Tex. 421, 100 S. W. 766, held to be violative of the fourteenth amendment to the Constitution of the United States, and void, because oppressive and arbitrary, in that no time was fixed in the act within which the work required to be performed by the railroad company should be completed. In 1909 the Legislature passed another act in substantially the same language as the act of 1905 (Acts 1905, p. 324), but, evidently for the purpose of meeting the objection urged to the former act, a provision was inserted giving to railway companies 90 days after the act went into effect in which to comply with its requirements. No attack on this act is made by appellee. The act of 1909 was carried into the Revised Civil Statutes of 1911 as article 6592, and this article is in the same language as the act of 1909, except that the words "within ninety days of the taking effect of this act" were omitted. Appellee contends that by the omission of this provision the article in question required the completion of the work at the time the Revised Statutes went into effect, and hence was subject to the same objection as that sustained by the Supreme Court to the act of 1905. We do not think this contention is sound. The act of 1909, which gave to the railroad company 90 days after it went into effect in which to comply with its requirements, met the objection of the Supreme Court to the former act, and was valid. At the time the Revised Statutes of 1911 went into effect the railroads had had practically two years to do the things required of them; hence in bringing the act into the revision the same necessity did not exist for giving the 90 days to complete the work required as existed when the act of 1905 became effective. The petition charged that the depot had been established and maintained at Bleakwood for more than four years, and for at least two years of that time a valid law was in force requiring appellee to erect a water-closet within or near its depot, hence the reasons given by our Supreme Court for holding the act of 1905 invalid would not apply under the article.

[5] This disposes of all the questions raised by the parties, except one other contention of appellant, which, although not directly raised, ought in view of another trial to be passed upon. Appellant says that the appellee seeks to exempt itself from liability for violating the law requiring it to erect and maintain water-closets at or in its depot at Bleakwood by showing a violation by it of the law requiring it to erect, at each place established by it for the reception and delivery of freight, suitable buildings or inclosures to protect produce, goods, wares, and merchandise. To state its position in other words, the contention is that, as article 6589, Revised Civil Statutes of 1911, requires that the appellee shall erect at each station or place established by it, for the reception and delivery of freight, suitable buildings or inclosures for the protection of such freight, it ought not now be heard to say that it had not complied with the requirement of that article, and therefore it was exempt from building and maintaining water-closets at such a place, because it did not have a depot building there. Appellant says that "the commission of two sins against the law cannot be urged as a defense for sinning against one of them." As before stated, we do not think that the act of 1909 requires the erection of water-closets at places other than in, or within a reasonable and convenient distance from, passenger depots, and the failure to erect such closets at stations other than those where it has erected and maintained passenger depots is not a violation of the act of 1909, notwithstanding the railroad company, had it observed the requirements of article 6589, would have constructed a depot at such place. This conclusion is in line with the decision of the Supreme Court of Arkansas, in Railway v. State, 61 Ark. 9, 31 S. W. 570, where the court, in construing the act which required railroad companies to provide separate waiting rooms for the white and African races at all their passenger depots, said: "The statute under consideration cannot be construed so as that it requires of railroad companies to erect passenger depot buildings where they have none, but the requirement is that they provide separate waiting rooms in their depot buildings already existing or to be erected."

For the error in sustaining the general demurrer, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.