MISSOURI REAL ESTATE SYNDICATE, Respondent, v. SIMS, Appellant.

St. Louis Court of Appeals, December 11, 1906.

1. PLEADING: Wrongful Foreclosure: Prima Facie Case. In an action for damages caused to plaintiff by the foreclosure of a mortgage upon its premises, contrary to an agreement to extend the time of payment, the petition was held good and the evidence sufficient to make out a prima facie case by the Supreme Court in this case. (Missouri Real Estate Syndicate v. Sims, 179 Mo. 678.)

2. MORTGAGES AND DEEDS OF TRUST: Premature Foreclosure: Measure of Damages. In an action for damages caused to plaintiff by the foreclosure of a mortgage upon its real estate, contrary to the terms of an agreement whereby the time of payment was extended, the measure of plaintiff's damages was the difference between the reasonable value of the property at the time of the foreclosure and the amount due on the note secured by the mortgage at that time.

3. ————: Agreement to Extend Time of Payment: Contract for the Benefit of Third Person: Estoppel. Where a contract for the extension of the time of payment of a debt secured by a mortgage was entered into between the mortgagee and the husband of a purchaser of the equity of redemption, and the

mortgagee knew the contract was made for her benefit, and in order that she might purchase it, and where the purchaser signed the agreement although her name did not appear in the body of it, the mortgagee was estopped to claim the purchaser was not a party to the contract of extension.

4. ———: **Waiving Condition.** In an action for damages caused to plaintiff by the foreclosure of a deed of trust on plaintiff's property, contrary to an agreement to extend the time of payment, the defendant, the mortgagee, could not justify his premature foreclosure by showing a violation of a clause in the deed of trust providing for cyclone insurance, where the defendant himself testified he overlooked that clause, where he did not request cyclone insurance and did not exercise the option to declare a forfeiture on account of it, the mortgagee under the circumstances waived that condition of the mortgage.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Benjamin U. Massey* for appellant.

(1) The petition does not set forth a cause of action, in that it states the damages claimed and sustained, was the amount of the difference between the value of the property and the incumbrance upon it. States no other matter of damages and tenders no other issue. Upon the facts stated, plaintiff was not entitled to damages measured in that way. Miltenberger v. Morrison, 39 Mo. 78; Rush v. Brown, 101 Mo. 586. (2) The contract offered in evidence is with John Coombs only, and not with Helen Coombs—her name though signed to the instrument—is no where mentioned in the body of the contract, and she assumed no obligation thereby, or derived any benefit therefrom. Pollock on Contracts, p. 1, and following. McFadden v. Rogers, 90 Mo. 421; Bradley v. Railroad, 91 Mo. 493. (3) The contract made with Coombs for the extension of said loan was a personal contract with him alone, with which plaintiff was not in privity, either in contract or estate. John

Coombs was never the owner of the land in question, or of any interest therein. The contract did not run with the land or convey any interest therein. Plaintiff was in no wise liable thereon, nor did any interest or benefit inure to him thereby. Miller v. Noonan, 12 Mo. App. 370; Miller v. Noonan, 83 Mo. 343; Sharp v. Cheatham, 88 Mo. 498; Huling v. Chester, 19 Mo. App. 607; 1 Tiffany, Modern Law Real Property, p. 749; Reed v. Bank, 127 Mass. 295; Cole v. Hughes, 54 N. Y. 444; Mygatt v. Coe, 124 N. Y. 212; Mygatt v. Coe, 147 N. Y. 456; Bigelow on Estoppel, p. 142; 2 Washburn (4 Ed.), 242, 263, 285. (4) Even though the petition states a cause of action, and though said contract with Coombs runs with the land and inures to the benefit of plaintiff —still the instruction of the court, as to the measure of damages, was error, because plaintiff, if entitled to recover at all, could only recover the damages sustained by it to the interest or estate it had in the land, to its unexpired equity. If foreclosure was without authority, defendant held only as trustee for plaintiff. Plaintiff could recover and retain possession of the property until the time to which the note had been extended—January 15, 1902—or could elect to sue for damages, viz., the net rents from August 1, 1900, to January 15, 1902. Plaintiff elected to sue, and its estate in the property was not enlarged by reason of such election. Jones on Mortgages, sec. 1902; 1 Sedgwick on Damages, sec. 68-71; Schlemmer v. North, 32 Mo. 206; Van Pelt v. McGraw, 4 N. Y. 110; Brown v. Brown, 30 N. Y. 519; Seely v. Alden, 61 Penn. 302. (5) The petition alleges performance, on the part of plaintiff, of all the condition required in the Miller deed of trust—there was no plea of waiver in the replication of any of these requirements by defendant—no such plea was permissible in that pleading. The court therefore committed error in saying in its instruction, "The uncontradicted evidence in this cause shows the defendant had waived the clause

in his deed of trust with reference to his cyclone insurance," and the continuing language of that instruction, "and the sale of July 30th by the trustee was wrongful," was a comment upon the testimony prejudicial to defendant. Scott v. Allenbaugh, 50 Mo. App. 130; Noyes, Norman & Co. v. Cunningham, 51 Mo. App. 194; McClure Bros. v. School District, 66 Mo. App. 84; Rothchilds v. Ins. Co., 62 Mo. 361; Bennecke v. Ins. Co., 105 U. S. 359; 2 Bouvier's Law Dictionary (Rawle's Ed.), p. 1207; Marcheldon v. O'Hara, 52 Mo. App. 523; Mohney v. Reed, 40 Mo. App. 99; State ex rel. v. Peterson, 142 Mo. 526; Lanitz v. King, 93 Mo. 513; Bank v. Hatch, 78 Mo. 13; Whiteside v. Magruder, 75 Mo. App. 364; Raysden v. Trumbo, 52 Mo. 35.

*F. S. Heffernan* for respondent.

(1)  By a foreclosure of a deed of trust the legal title passes to the purchaser, although the sale thereunder may be irregular as not to extinguish the mortgagor's equity of redemption. Long v. Long, 141 Mo. 352. An agreement made before the time of redemption has expired to allow further time, though made without consideration, cannot be disregarded after the time of redemption has passed, but will be enforced by the court. Jones on Mortgages, sec. 1053; Davis v. Dresback, 81 Ill. 393; Ross v. Southerland, 81 Ill. 275; Dodge v. Brewer, 31 Mich. 227; Jones on Mortgages, sec. 1189. A verbal agreement to extend the time of payment is binding, and suspends the right to foreclose if founded on a good consideration. Jones on Mortgages, sec. 1190. Any expense trouble or inconvenience experienced by plaintiff makes the consideration valuable in law. Brown v. Cory, 74 Mo. App. 462; Brownlaw v. Wollard, 66 Mo. App. 636; Wirt v. Sherman, 67 Mo. App. 172. (2)  Respondent's contract imports good consideration. R. S. 1899, sec. 894. Carter v. Foster, 145 Mo. 383; 1 Chitty on Contract (11 Ed.), page 36, note; Glasscock

v. Glasscock, 66 Mo. 631; Cass Co. v. Oldham, 75 Mo. 50; Martin v. Nixon, 92 Mo. 26; Calkins v. Chandler, 36 Mich. 320. Payment of interest in advance is sufficient consideration for extension of note to a fixed time. Nelson v. Brown, 140 Mo. 580; Ins. Co. v. Hauch, 71 Mo. 465; Stilwell v. Aaron, 69 Mo. 539.

STATEMENT.—In 1894 George P. Miller owned lot No. 5 and six feet and six inches off the east side of lot No. 6, all in block No. 36, in the town of North Springfield, Greene county, Missouri. On December 12, 1894, Miller and wife executed a deed of trust to James Bray, trustee, for the benefit of George Lawrence, to secure the payment of a note of four thousand dollars to said Lawrence, due two years after date and bearing interest from date at the rate of eight per cent per annum, payable semiannually. Among others, the deed of trust contained the following covenants:

"And the said parties of the first part also covenant and agree with the said party of the third part and his assigns, that they will cause the buildings on said premises to be insured against cyclone for a sum not less than $2,000 by such insurance company as may be selected by the said party of the third part, for a sum not less than three thousand dollars (against loss by fire), and that said parties of the first part will pay all premiums for said insurance, and assign said policy of insurance to said party of the third part, and that said parties of the first part will continue said insurance in force and assigned as aforesaid, until the debts herein secured shall be fully paid off and discharged. In case said parties of the first part shall fail to keep insurance on said buildings to the said amount, at any time while the said debts are unpaid, the said party of the third part, or his assigns, may, at his or their option, either cause said premises to be sold under the terms of this instrument by the party of the second part, or the substitute hereinafter provided for him or said party of the third, or his

assigns, may insure said buildings to said amount, and any money paid out in effecting and continuing such insurance shall become a debt and lien on said premises, secured by this deed of trust in the same manner as the debt herein mentioned, and any amount so expended for insurance shall bear eight per cent interest per annum from the date of such payment."

On January 28, 1895, Miller and wife, by general warranty deed, conveyed the property to E. J. Kerr, subject to the Bray deed of trust. On February 8, 1895, E. J. Kerr and her husband, by general warranty deed, conveyed the property to the Springfield Milling Company, a corporation, subject to the Bray deed of trust. On January 19, 1897, the Springfield Milling Company conveyed the property to Helen Coombs, who assumed and agreed to pay the four thousand dollar note secured by the deed of trust. On July 29, 1898, Helen Coombs and her husband conveyed the property to J. A. Bryant, subject to the Bray deed of trust. On August 1, 1898, Bryant and wife conveyed an undivided one-half interest in the property to J. S. Platt and C. J. Robertson, subject to the Bray deed of trust. On February 6, 1899, Bryant and wife, Platt and wife and Robertson and wife conveyed the property to plaintiff, subject to the Bray deed of trust. On July 30, 1900, James Bray, as trustee, sold the property under the deed of trust and conveyed the same to James Sims, the defendant. It is shown by the evidence that John Coombs, the husband of Helen Coombs, negotiated the purchase of the property from the Springfield Milling Company. At the time this purchase was made the note secured by the Bray deed of trust was overdue, and Lawrence, the beneficiary, was threatening a foreclosure. Coombs declined to purchase the property unless an extension of the time of payment of the note could be secured, and he and the Milling Company induced Sims, the defendant, in consideration

121 App—11

of one hundred dollars paid to him by the Milling Company, and of the collateral agreement of Coombs to pay the four thousand dollar note, to purchase the note of Lawrence and give a five years extension of the time of of payment. A memorandum of this agreement was reduced to writing and is as follows:

"This contract, made and entered into by and between John Coombs of the first part and James M. Sims of the second part, witnesseth: That, whereas, the said Coombs is about to contract with the Springfield Milling Company of Springfield, Missouri, for the purchase of lot five (5) and six feet and six inches off of the east side of lot six (6), all in block 36, in the original town of North Springfield, now a part of the city of Springfield, Missouri. Said property fronting on the north side of Commercial street thirty-six feet and six inches, running back one hundred feet to the railroad right of way; and, whereas, there is a deed of trust in the nature of a mortgage on said property executed heretofore, to-wit, on the twelfth day of December, 1894, by George P. Miller to James Bray, in trust to secure a note to George Lawrence, therein described, for the sum of four thousand ($4,000) dollars, bearing interest at the rate of eight per cent (8) per annum from date; and, whereas, said property is about to be sold in foreclosure of said deed of trust; and, whereas, the said John Coombs is desirous of having said sale postponed and obtaining a further extension for the payment of said note; and, whereas the said Sims has agreed to purchase said note from the said Lawrence and extend the time of payment thereon for five years from this date.

"Now, therefore, in consideration of the said Sims purchasing said note and extending the time of payment thereof as aforesaid, he the said John Coombs, does by these presents agree to pay to the said Sims or his assigns the said note above described, together with all interest accruing thereon, it being further understood and

agreed by the parties hereto that his agreement is in no-wise to affect the validity of the said deed of trust, but the same is to continue in full force and effect as further security to the said Sims by reason of the purchase of said note, and if said Coombs shall fail to promptly pay interest, and otherwise keep his covenants herein, the said Sims may proceed to foreclose said deed of trust at any time.

"Witness my hand and seal this fifteenth day of January, 1897.

"J. W. COOMBS,
"HELEN COOMBS."

Defendant purchased and took an assignment of the note and deed of trust. The property was kept fully insured against loss by fire, for the benefit of the holder of the deed of trust, but was not insured against loss by cyclone. Sims seems to have overlooked the covenant in the deed of trust to keep the property insured against loss by cyclone, and the president and general manager of plaintiff (a corporation) testified he was ignorant of this provision in the deed of trust, although the deed was of record; that his attention was never called to it and cyclone insurance was never requested of him by Sims; that he would have taken out such insurance if Sims had called his attention to it; and defendant testified he would have demanded such insurance, if it had not escaped his attention.

It will be observed that in the deed to Helen Coombs, she assumed the payment of the deed of trust. Her husband also, by his contract for an extension of the time of payment, agreed to pay the note. It should be noted here that the contract of Sims to extend the time of payment of the note for five years, if valid and binding, inured to the benefit of plaintiff. The foreclosure sale made on July 30, 1900, was before the expiration of the period of extension, therefore, it was unauthorized and voidable. The action is at law to recover.

damages alleged to have accrued to plaintiff for the premature and wrongful sale of the property. The petition was held to be sufficient by the Supreme Court in Missouri Real Estate Syndicate v. Sims, 179 Mo. 679, 78 S. W. 1006. In substance, the answer alleged the sale was in strict compliance with the terms and covenants of the trust deed. Plaintiff, over the objection of defendant, offered evidence tending to show the value of the property. Defendant, in rebuttal, offered evidence for the same purpose. Both parties offered evidence of the amount the property yielded in rents per annum, and of the amount of the yearly taxes assessed against the property, and the cost of keeping it insured against loss by fire. The excuse given by defendant for having property sold under the deed of trust, prior to the expiration of the time to which payment had been extended was that plaintiff took, as he put it, "Coombs' place" and should assume the payment of the four thousand dollars note, but would not sign the Coombs contract. Defendant's idea seems to have been that by selling the property to plaintiff, Coombs was released from his undertaking to pay the note and it was plaintiff's duty to step into Coombs' shoes by taking upon itself the personal obligation of paying the note.

Defendant offered an instruction in the nature of a demurrer to the evidence, and also the following, both of which the court refused:

"3. The court instructs the jury that defendant was entitled to the possession of said premises on the fifteenth day of January, 1902, at the maturity of said $4,000 note as extended by said defendant in his contract therefor with Coombs, and the damage that plaintiff can recover on the first count of his petition is the net value of the profits arising from rent of said building from the thirtieth day of July, 1900, the date of said deed of Trustee Bray to the defendant, until the said fifteenth day of January, 1902. The net value of the

rents as mentioned above is the amount of rents received during that period, less the taxes, insurance and repairs paid by said defendant upon said building and the interest on said sum of $4,000, the amount of said note as secured by said deed of trust on said property during that period at the rate of eight per cent per annum."

The court refused all instructions asked by plaintiff and of its own motion instructed the jury as follows:

"The court instructs the jury that the uncontradicted evidence in this case shows that the defendant had waived the clause in his deed of trust with reference to cyclone insurance and that the sale on July 30, 1900, by the trustee was wrongful.

"You are therefore to find the issues in favor of the plaintiff and assess its damages at the reasonable value of the property at the time of the sale, less the amount of the lien thereon of the deed of trust, to-wit, $4,000. By reasonable value as here used is meant its reasonable cash value between one wanting to sell and one desiring to purchase property of a like character, and at the time being able and willing to purchase.

"If you find from the evidence that the property was not worth more than the $4,000 against it, then your verdict will be for plaintiff for nominal damages only."

The verdict was for plaintiff in the sum of twenty-five hundred dollars. After taking the usual steps to preserve his exceptions, defendant appealed.

BLAND, P. J. (after stating the facts).—1. Under the ruling of the Supreme Court in this case (179 Mo. 679) the court properly refused defendant's peremptory instruction to find for him, as the petition stated a good cause of action, and the evidence clearly entitled plaintiff to recover at least nominal damages, if nothing more.

2. The second refused instruction would have limited plaintiff's recovery to the net value of the rents from

.the date of the sale by the trustee (when defendant took possession) to January 15, 1902, when the note and deed of trust would have matured. Under the instructions given by the court, the measure of plaintiff's damages was the difference, if any, between the reasonable value of the property and four thousand dollars, the amount due on the note at the date of the foreclosure sale. To limit plaintiff's right of recovery to the net profits of the rents of the property from the date of the sale to January 15, 1902, the assumption would have to be indulged that plaintiff would not or could not pay the four thousand dollar note when it matured—an assumption no court would indulge. Plaintiff, by bill in equity, might have had the trustee's sale set aside and thus restored its equity of redemption. But it was not bound to pursue this remedy, for it had a right to maintain its action at law to recover damages for breach of the contract to extend the time of payment, and it follows, as day follows night, that in its action at law the measure of its damages is the value of its equity in the property. Plaintiff was deprived of this equity by the premature and wrongful sale under the deed of trust and nothing short of the money value of that of which it was deprived by the wrongful action of defendant could afford it adequate compensation.

3. It is contended that as the agreement for the extension was made with John Coombs, who never acquired the property or any interest in it, the benefits of the agreement did not and could not pass to plaintiff by the mesne conveyance from Helen Coombs. While Helen Coombs' name is not mentioned in the written memorandum of the agreement for an extension, she signed the agreement as a party thereto, and it was made for her benefit, as shown by the evidence. It also appears that all the terms of the agreement are not contained in the written memorandum, but were patched out by the parol evidence, which clearly shows the ex-

tension was made for the benefit of whoever might become the purchaser of the property from the Springfield Milling Company, and it must have been known at the time by all the parties to the contract, that Helen Coombs would become the purchaser, and we can see neither reason nor force in the argument, that because not specially named in the written memorandum, Helen Coombs could take no benefit from the contract of extension. All the evidence shows that neither she nor plaintiff would have bought the property if the extension had not been given and that the extension was made for the express purpose of enabling her to buy the property and that defendant was made acquainted with these facts, by which we think he is estopped to set up that Mrs. Coombs was not a party to the contract of extension.

4. The court's instruction is criticised for telling the jury the uncontradicted evidence is that defendant waived the clause of the trust deed, requiring cyclone insurance. The clause providing for cyclone insurance gave defendant, as the holder of the deed of trust, an option in case such insurance was not kept up, to either foreclose the deed of trust or take out such insurance and charge its cost to the property. Defendant testified he overlooked this clause in the deed of trust, and that he had the foreclosure sale made for the reason plaintiff would not make itself personally liable for the payment of the note. Defendant at no time requested cyclone insurance from plaintiff; in other words, he did not exercise the option in the clause of the deed of trust referred to, and he cannot, at this late day, claim he foreclosed for the reason plaintiff failed to carry a cyclone policy of insurance on the property for his benefit. While the clause of the instruction declaring a waiver is subject to criticism, the defendant, for reasons herein stated, was not prejudiced thereby. The instruction is also objected to on the ground that the only issue

submitted to the jury was the value of the property. The extension, the sale, the taking possession of the property by defendant immediately after the sale, were admitted facts on the trial, and the only controverted fact having any bearing on the issues in the case was the value of the property at the time of the sale by the trustee, hence we find no fault with the instruction.

5. Upon examination of the evidence, we think it shows the verdict of the jury to be sustained by substantial evidence, and it was approved by the learned judge, who presided at the trial. In view of these facts, the point, that the verdict is against the evidence and the weight of the evidence, is not open for review on appeal.

No reversible error appearing, the judgment is affirmed. All concur.