Richard E. SPIRES and Frances T. Spires, Plaintiffs-Appellants,

v.

David J. LAWLESS and Eleanor L. Lawless, Defendants-Respondents,
and
William R. Edgar, Jr., Trustee, Defendant.

No. 9262.

Missouri Court of Appeals,
Springfield District.

Feb. 12, 1973.

Rehearing Denied Feb. 28, 1973.

Transfer Denied April 9, 1973.

Tyree C. Derrick and Ronald A. McClary, St. Louis, Robert A. McIlrath, Flat River, for plaintiffs-appellants.

J. B. Schnapp, Schnapp, Graham & Reid, Fredericktown, for defendants-respondents.

HOGAN, Judge.

This is an action for wrongful foreclosure of a deed of trust. After the action was commenced, the cause was dismissed as to the trustee on his motion, and the order of dismissal was made final and appealable pursuant to the provisions of Rule 81.06.[1] Our record reflects no appeal from that order. The cause proceeded against defendants David and Eleanor Lawless, the cestuis que trust, to whom we shall refer as the mortgagees. This appeal is taken from the trial court's entry of a summary judgment for the defendants.

In briefest sketch, the background facts are that in May 1968 the plaintiffs purchased a 360 acre tract of land from the defendants. In payment or in part payment therefor, they made and delivered to defendants their promissory note in the amount of $71,000, payable in installments at the rate of $508.68 on the first day of May 1968, and a like amount on the first day of each month thereafter until the note was fully paid. Plaintiffs, to whom we shall refer as the mortgagors, also executed a deed of trust conveying the land to defendant Edgar as trustee to secure the payment of the note.

The plaintiffs made periodic but usually untimely payments on the note from May 1, 1968, through September 1969, with the exception of the October 1968 installment, the payment of which was deferred by agreement of the parties upon terms which are in dispute. On October 9, 1969, defendant David Lawless directed the trustee to advertise the property for sale. On November 10, 1969, the property was sold to defendants (according to plaintiffs' petition) for the sum of $70,000. This action followed.

Plaintiffs' original petition was filed on January 2, 1970. It was amended several times, but the petition upon which the motion was taken sets out the substance of the transaction we have just recited, and further avers that the October 1968 installment was "skipped" with the express con-

---

1. Which was then Rule 82.06. References to statutes and rules, where not otherwise specifically noted, are to R.S.Mo. (1969), V.A.M.S., Missouri Rules of Court (1973), and V.A.M.R.

sent of the mortgagees; that despite defendants' agreement to allow plaintiffs to defer the October 1968 installment, and despite the fact that no other payments were due and plaintiffs were not otherwise in default, defendants unlawfully exercised the power of sale contained in the deed of trust. Alternatively—and we are merely stating the bare substance of the petition —plaintiffs allege that defendants, by accepting payments late, and by giving plaintiffs permission to defer payment of the October 1968 installment, lulled the plaintiffs into a sense of security and caused them to believe that the conditions of the deed of trust would not be strictly enforced, but nevertheless foreclosed the deed of trust without giving plaintiffs notice of defendants' intention to foreclose and without giving plaintiffs a reasonable opportunity to make any delinquent payments or remedy any other default which might have constituted a ground for exercise of the power of sale.

While the cause was pending in the trial court, before and after the defendants filed their motion for summary judgment, then withdrew it, and then renewed it, defendants filed 1) two sets of interrogatories, consisting of 65 individual questions directed to each plaintiff; 2) two sets of requests for admissions; and 3) ten affidavits in support of the motion for summary judgment. The plaintiffs answered the interrogatories and the requests for admissions and plaintiff Frances Spires filed an affidavit in opposition to the motion for summary judgment. The deed of trust, which incorporates the note, is included in the record, as well as a letter written to Mrs. Spires by defendant David Lawless. In the view we take of this appeal, it is unnecessary to burden the opinion by setting forth the substance of all these documents merely for the purpose of this background statement, and their contents will be noted only to the extent that they are germane to the matters discussed.

█ Several preliminary observations should be made to define and limit the scope of this opinion. In the first place it

should be noted that although we do review the case upon the whole record, and a correct result will not be reversed because the trial court based its judgment upon an incorrect or insufficient reason, as noted in Swink v. Swink, Mo., 367 S.W.2d 575, 577–578 [1–3], and Landers v. Smith, Mo. App., 379 S.W.2d 884, 886 [1], neither of those two cases purports to state fully the rules governing the review of summary judgments, as the defendants seem to assume. This court fully stated the basic principles governing the review of summary judgments in Pagan v. City of Kennett, Mo.App., 427 S.W.2d 251, 252–253 [1–4], from which we quote:

". . . In ruling a motion for summary judgment, it is the duty of the trial court in the first instance, and it becomes our duty on appeal, to scrutinize the record in the light most favorable to the party against whom the motion was filed and the judgment was rendered, and to accord to such party the benefit of every doubt. Wood v. James B. Nutter & Co., Mo., 416 S.W.2d 635, 636(1); Campbell v. Stout, Mo.App., 408 S.W.2d 585, 588(3); Gasen's Drug Stores, Inc. v. Jones Enterprises, Inc., Mo.App., 388 S.W.2d 495, 500(4). A summary judgment may be rendered where, but only where, the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue of a material fact and that the movant is entitled to judgment as a matter of law [E. O. Dorsch Elec. Co. v. Knickerbocker Const. Co., Mo., 417 S. W.2d 936, 939; Stoffel v. Mayfair-Lennox Hotels, Inc., Mo.App., 387 S.W.2d 188, 190(2)]; '"[a] genuine issue of fact exists for the purpose of avoiding a summary judgment whenever there is the slightest doubt as to the facts"' [Maddock v. Lewis, Mo., 386 S.W.2d 406, 409, certiorari denied 381 U.S. 929, 85 S.Ct. 1569, 14 L.Ed.2d 688; Elliott v. Harris, Mo. (banc), 423 S.W.2d 831, 835]; and the burden rests upon the movant, in this instance upon defendant, to show by 'unassailable proof' [Rule 74.04(h)] that there is no genuine issue

of fact [Nelson v. Browning, Mo., 391 S.W.2d 873, 877(1); Clampett, Summary Judgments in Missouri, 22 J.Mo.Bar 14, 17 (1966)] and that movant is entitled to judgment as a matter of law. Norman v. Willis, Mo.App., 402 S.W.2d 46, 47(1). See Cure v. City of Jefferson, Mo., 380 S.W.2d 305, 310(2). . . ."

■ Two further limitations on the scope of the opinion should be noted. This case, as is possibly true of all cases involving mortgages, presents a number of complex questions, and on this appeal the parties have indirectly raised a number of involved but peripheral issues. We do not undertake to resolve this case on its merits, but only to decide if a summary judgment was warranted, and we shall therefore address ourselves only to those questions essential and necessary to a proper disposition of that particular issue. Finally, it should be emphasized that the case is necessarily considered on its peculiar facts, since the power to sell under a deed of trust is a matter of contract between the parties on the conditions expressed in the instrument, and does not exist independently of it. Adams v. Boyd, 332 Mo. 484, 490, 58 S.W.2d 704, 707 [6].

Stating the positions of the parties very generally, it may be said that the plaintiffs have contented themselves in their original brief with a statement that the defendants failed to show by unassailable proof that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. In support of this single contention, plaintiffs have cited eleven cases, some dealing with the showing necessary to sustain a summary judgment, others bearing on matters incidentally developed in the "argument" part of plaintiffs' brief. Technically, the brief is deficient, for Rule 84.04(d) contemplates that the "points relied on" shall constitute a short, concise outline of that part of the brief called an "argument", Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587, 589 [2], and para. (e) of Rule 84.04 provides in terms that the "argument" shall substantially follow the order of the

"points relied on". The consequence of plaintiffs' failure to follow paras. (d) and (e) of Rule 84.04, in this case, is that their theory of error is imperfectly articulated and difficult to follow, even though they have attempted to clarify their position on oral argument. Nonetheless, the defendants seem to have experienced no difficulty in answering the plaintiffs' brief and have made no objection to it in this court. Aside from procedural points, defendants argue that on the date foreclosure proceedings were commenced the plaintiffs were in default for failure to pay the 1968 taxes when due, and were also in default because the October 1969 payment was not timely made. They further argue that even assuming plaintiffs were entitled to personal notice of defendants' intention to foreclose, the record shows that plaintiffs had such notice, and that in any event, plaintiffs are not entitled to maintain this action because they did not tender the November 1, 1969, installment which became due prior to the sale, and failed to indemnify defendant David Lawless by reimbursing him for the premiums he was obliged to advance in September 1969 to keep the property insured. Therefore, despite the diffuseness of plaintiffs' brief, and the incomplete articulation of their theory of error on appeal, the essential, determinative issues are drawn with reasonable clarity, and we shall review those issues as they have been presented. See Mills v. Keasler, Mo., 395 S.W.2d 111, 112 [1].

The first point for consideration is defendants' contention that since plaintiffs did not comply with all the terms of the deed of trust, they cannot maintain this action. An action for wrongful foreclosure, defendants say, is based upon a contract, plaintiffs must allege and prove full performance on their part, and since plaintiffs have admitted a) that they did not make nor tender the November 1, 1969, installment, and b) that they failed to insure the mortgaged property or tender the amount which defendant David J. Lawless advanced in order to keep the property insured, a summary judgment was justified. On oral argument defendants expand this

point by maintaining that there is an analogy between this action and an action to set aside an invalid sale, and since an offer to redeem must be made in order to have a foreclosure sale set aside, and payment or tender of the amount owed by the mortgagors is a condition precedent to the maintenance of an action to set aside an invalid sale, plaintiffs are obliged to tender all that was due defendants before they can maintain this action. Counsel admits on oral argument that he has found no case so holding.

■ Without going into the nature of an action for wrongful foreclosure in detail at this point, we believe defendants are mistaken in their assumption that plaintiffs must show that they complied with *all* the conditions of the deed of trust. To us, it seems clear that an action for wrongful foreclosure is based upon the proposition that there was no breach of condition or failure of performance on the mortgagor's part which would authorize foreclosure at the time the foreclosure proceeding was commenced, Peterson v. Kansas City Life Ins. Co., 339 Mo. 700, 706–708, 98 S.W.2d 770, 773–775 [2, 3] [4], 108 A.L.R. 583, 587–589, and it is not incumbent upon the plaintiffs to show more than that at the time the foreclosure proceeding was begun they were not in such default as would justify foreclosure. The November 1969 installment did not become due until the mortgagees had exercised, or attempted to exercise, their option to accelerate and had begun publication of the notice of sale as required by Sections 443.310 and 443.320. Plaintiffs are not obliged, therefore, to plead or prove payment of that installment as a condition precedent to the maintenance of this action.

■ As to defendants' contention that this action cannot be maintained because the plaintiffs did not keep the property fully insured, and did not reimburse the mortgagee, David Lawless, for insurance premiums advanced by him, our opinion is that the language of the deed of trust is controlling. As noted, if failure to insure the property or to reimburse the mortgagee

for insurance premiums advanced allows acceleration of the mortgage and foreclosure, then it is incumbent upon plaintiffs to show there was no such default at the time foreclosure proceedings were commenced. Otherwise, plaintiffs' failure to insure the property, or to indemnify the defendants if defendants were obliged to do so, would not justify a foreclosure.

By the terms of the deed of trust, the mortgagors covenant as follows:

"... (Insurance.) AND WHEREAS, the First Parties herein agree to pay the insurance premiums and keep said premises insured for FIFTEEN THOUSAND AND NO/100 DOLLARS. $15,000.00 loss payable to Third Party or his [sic] assigns as interest may appear, and that any premium money advanced therefor shall create an indemnity lien on said premises bearing the same rate of interest. . . ."

The defeasance clause reads, in material part:

"... NOW, THEREFORE, if the said parties of the First Part, or any one of them shall well and truly pay off and discharge the debt and interest expressed in the said Note and every part thereof, when the same shall become due and payable, according to the true tenor, date and effect of said note this Deed shall be void . . . ."

The acceleration clause reads:

"... [B]ut should the said First Parties fail or refuse to pay the said Note or the said interest or any part thereof, when the same or any part thereof, shall become due and payable, according to the true tenor, date and effect of said Note, or allow any taxes to mature unpaid, or mechanic's lien to be filed on said premises, then all said Notes [sic] shall become due for all purposes . . . ."

■ It will be noticed immediately that neither the defeasance clause nor the acceleration clause refers to insurance or to the consequences of the mortgagors' failure to insure the premises. The deed of trust

provides that "any premium money advanced [for insurance] shall create an indemnity lien on said premises", but it does not make the mortgagors' failure to procure insurance or their failure to reimburse the mortgagees for premiums advanced a breach of condition which would authorize acceleration of the entire mortgage debt. The deed of trust is not similar to the mortgage discussed in First Nat. Bank v. Kirby, Mo., 175 S.W. 926, 928–929 [3], which provided for forfeiture upon the mortgagor's failure "to pay said . . . insurance"; it is similar, with respect to the provisions concerning insurance, to the mortgage discussed and considered in Johnson v. Northern Minnesota Land & Investment Co., 168 Iowa 340, 150 N.W. 596, 598–599 [4]. The only remedy provided for in the *Johnson* case was that in the event of the mortgagor's failure to insure the premises, the mortgagee might insure the same "and this mortgage shall stand as security for premium so paid and six per cent. interest thereon." In *Johnson* the Iowa court rejected the mortgagee's contention that failure to insure the premises would authorize foreclosure and held that if the mortgagee advanced premiums, he was remitted to the remedy specified in the mortgage. Much the same considerations apply here. The acceleration provision is not broad enough to include or apply to the covenant respecting insurance, and it does not refer to insurance in specifying the instances in which it shall become operative. Therefore, plaintiffs' failure to procure insurance, if they did fail to procure it, or plaintiffs' failure to reimburse Mr. Lawless, would not justify foreclosure, Johnson v. Northern Minnesota Land & Investment Co., supra, 168 Iowa 340, 150 N.W. at 598–599 [4]; Annot., 142 A.L.R. 1120, 1122–1124, § III(b), (1943), and plaintiffs are not obliged to plead or prove compliance with the covenant respecting insurance as a prerequisite to the maintenance of this action.

Finally, in connection with this point, we believe that defendants' attempted analogy between this action and actions to set aside invalid foreclosure sales is fallacious. In the first place, an offer to redeem, i.e., a tender of all that is due the mortgagee, is not always an indispensable prerequisite to an action to set aside a trustee's sale, particularly when it appears that the sale was void at law and not merely voidable. Axman v. Smith, 156 Mo. 286, 292, 57 S.W. 105, 107 [2]. Moreover, the objects of the two actions are different. In an action to redeem, the mortgagor seeks to retain the property; in an action for wrongful foreclosure the mortgagor in effect ratifies the void sale and elects to sue for damages. Royall v. Yudelevit, D.C.Cir., 106 U.S. App.D.C. 1, 268 F.2d 577, 580 [8]; Peterson v. Kansas City Life Ins. Co., supra, 339 Mo. at 708–709, 98 S.W.2d at 775 [5–10], 108 A.L.R. at 589–590. We reiterate our conclusion that plaintiffs are only required to plead and prove such compliance with the terms of the deed of trust as would avoid lawful foreclosure, and find this first point without merit.

█ The dispositive question presented, again somewhat diffusely, is whether, without any genuine issue as to any material fact, the defendants have shown by unassailable proof that they were entitled to foreclose on the date foreclosure proceedings were commenced. Proper consideration of this question requires a brief statement of the controlling principles of law.

Recovery for wrongful foreclosure has been allowed in such widely varying circumstances that it is doubtful that any single theory of recovery is applicable to every case which has been called an "action for wrongful foreclosure". The best that can be said is that the authorities cannot be fully reconciled, and an examination of the topically collated cases to discover the true basis of legal liability in such actions obscures as much as it clarifies.[2] In this

2.  See, generally, the cases discussed in Peterson v. Kansas City Life Ins. Co., 339 Mo. 700, 706–708, 98 S.W.2d 770, 773–775[2, 3] [4], 108 A.L.R. 583, 587–

jurisdiction, our Supreme Court, in *Peterson,* supra, carefully distinguished those "wrongful foreclosure" cases which are really actions based on active fraud or fraudulent conspiracy, e.g., Stansberry v. McDowell, Mo.App., 186 S.W. 757, from cases like Missouri Real Estate Syndicate v. Sims, 179 Mo. 679, 78 S.W. 1006, subsequent appeal 121 Mo.App. 156, 98 S.W. 783, and Rogers v. Barnes, 169 Mass. 179, 47 N.E. 602, 38 L.R.A. 145, and held, as we read the case, that an action at law for damages for wrongful foreclosure can be maintained against the mortgagee only when the sale is absolutely void because the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced. *Peterson* supra, 339 Mo. at 706–708, 98 S.W.2d at 774–775 [4]; 108 A.L.R. at 588–589. See also Loeb v. Dowling, 349 Mo. 674, 679, 162 S.W.2d 875, 877 [1, 2].

In deciding whether or not defendants were entitled to a summary judgment, which as we have said amounts to a determination that there is no genuine issue of material fact to be tried, and that defendants have shown by unassailable proof that they were entitled to foreclose as a matter of law, we have set to one side—though we have not ignored—plaintiffs' alternative theory that defendants, by establishing a sort of grace period during which late payment would be accepted, waived or estopped themselves from insisting on strict performance. The theory of "waiver" or "promissory estoppel" in connection with the foreclosure of mortgages or foreclosure sales under deeds of trust has been fully discussed elsewhere.[3] Neither do we consider it necessary to determine whether or not defendants' waiver of strict, timely performance, if any, was revoked by defendant David Lawless' letter of November 4, 1968, nor to determine precisely when a foreclosure proceeding under a power of sale is "commenced". Provocative as these questions may be as abstractions, their resolution is not essential to a proper disposition of this appeal.

█ The defendants maintain that they were absolutely entitled to foreclose, for two reasons: 1) because the plaintiffs permitted the 1968 real property taxes to "mature unpaid"; and 2) because the October 1969 installment was not paid until October 13, 1969. The acceleration clause in the deed of trust provides, as noted above, that if the mortgagors "allow any taxes to mature unpaid . . . then all said Notes [sic] shall become due for all purposes, and payable pro rata". Defendants' assertion that they had the right to foreclose because plaintiffs allowed the taxes to "mature unpaid" presents some theoretical difficulty, because it is not at all clear at present when real property taxes "mature" in the usual sense of that verb. We need not discuss the point at length, however, because the real property taxes were paid prior to the date of the sale, and, contrary to defendants' position, such payment was sufficient to cure any default for nonpayment of taxes and prevent the sale. Cockrell v. Taylor, 347 Mo. 1, 11–12, 145 S.W. 2d 416, 422 [14]; Swon v. Stevens, 143 Mo. 384, 398, 45 S.W. 270, 273; Philips v. Bailey, 82 Mo. 639, 647–648 [2]. No contention is made that the mortgagors permitted a mechanic's lien to be filed on the mortgaged premises, and we conclude that the foreclosure sale was not authorized for any breach of condition other than default in payment of the mortgage debt.

█ Whether the mortgage debt was in default at the time foreclosure proceedings were commenced is, in our opinion, a matter concerning which a genuine issue of material fact exists. We agree with defendants that default in payment occurs automatically, but acceleration of the note or mortgage does not, and wheth-

589; Comment, Mortgages—Redemption After Foreclosure Sale in Missouri, 25 Mo.L.Rev. 261, 272–274 (1960); Annots., 108 A.L.R. 592 (1937); 107 A.L.R. 345 (1937); 97 A.L.R. 1059 (1935); 55 Am. Jur.2d Mortgages, § 535, p. 516.

3. Edwards v. Smith, Mo., 322 S.W.2d 770, 776[4, 5] [6]; Shumate v. Hoefner, 347 Mo. 391, 395, 147 S.W.2d 640, 642[4]; Comment, supra note 2, 25 Mo.L.Rev. at 272–274.

er we define "commencement" of the foreclosure proceeding to mean the date upon which the mortgagee asks the trustee to begin foreclosure, or the date of the first publication of notice is immaterial in this particular case. It is well settled that if the mortgagor is not in default on the date of the first publication of notice, the notice is premature and the subsequent sale is void.[4] Here, the acceleration clause in the note provides that default in the payment of any monthly installment shall render the whole mortgage debt due "at the election of the payees or their assigns", while the deed of trust itself (which by its terms incorporates the note) provides that upon breach of condition, including failure or refusal to pay the note, "then all said Notes [sic] shall become due for all purposes, and payable pro rata". Thus the acceleration provision in the note is "optional" while the acceleration clause in the deed of trust is "automatic", but that discrepancy creates no significant ambiguity in this case. The mortgagors' failure to pay the October 1969 installment did not automatically mature the whole debt, Capital City Motors, Inc. v. Thomas W. Garland, Inc., Mo., 363 S.W.2d 575, 578 [1]; Wolfley v. Wooten, 220 Mo.App. 668, 674, 293 S.W. 73, 75 [2], because whether we regard the governing acceleration provision as "automatic" or "optional" it was not, in this jurisdiction, self-operative, but merely conferred upon the mortgagees an option to treat the entire mortgage debt as due.[5] In order to effectuate the acceleration and render the entire debt due, the mortgagee must perform some affirmative, overt act evidencing his intention to take advantage of the accelerating provision. Capital City Motors, Inc. v. Thomas W. Garland, Inc., supra, Mo., 363 S.W.2d at

578 [2]; Wolfley v. Wooten, supra, 220 Mo.App. at 674-675, 293 S.W. at 75-76 [3]. Such affirmative action must be taken before the debtor tenders what is actually due, or the creditor loses his right to treat the entire debt as due because of that particular default. Capital City Motors, Inc. v. Thomas W. Garland, Inc., supra, Mo., 363 S.W.2d at 578-579 [3] [4]. Here, according to Mr. Lawless' affidavit identified as Exhibit 3, he directed the trustee to begin foreclosure proceedings on October 9, and thereafter took steps to advertise the property for sale. The trustee's affidavit was to the same effect. A mere declaration that the whole amount is due, without more, does not amount to an election; to be effective, the declaration must be followed by some affirmative action toward enforcing the declared intention. Annot., 5 A.L.R.2d 968, 974 (1949). Since Mr. Lawless' declaration of October 9, 1969, was followed by affirmative action, we regard it as being sufficient to constitute an election to accelerate the whole debt, but, plaintiff Frances Spires stated in her counteraffidavit that the October 1969 installment "was made on the 8th day of October, [and] accepted and credited to [plaintiffs'] account". Defendants in their brief say they agree that if, as indicated, the October 1969 installment was tendered before October 9, a genuine issue of material fact would exist for trial, but say that further evidence not in the record and not presented upon trial would show that all payments were to be made at a St. Louis bank, and defendants have requested that we order certain documents produced, pursuant, they say, to Rule 58.01. We have denied this motion, because we could not in any' event consider any evidence not presented to the trial court. On an appeal,

4. Wright v. Harris, D.C.Ga., 221 F. 736, 742[3, 4], aff'd 228 F. 1021, cert. denied 241 U.S. 658, 36 S.Ct. 287, 60 L.Ed. 1225; Findlay v. Darnall, 143 Md. 291, 122 A. 247, 251[2]; Pratt v. Tinkcom, 21 Minn. 142, 144-146; 3 Jones, Mortgages, § 1831, p. 523 (7th ed. 1915).

5. Tower Grove Bank & Trust Co. v. Duing, 346 Mo. 896, 901-902, 144 S.W.2d 69, 71

[3], 152 A.L.R. 1325, 1329; Putthoff v. Walker, 213 Mo.App. 228, 232-233, 248 S.W. 619, 620-621[2]; Annot., 159 A.L.R. 1077, 1084-1087, IIc (1945); see also Chafee, Acceleration Provisions in Time Paper, 32 Harv.L.Rev. 747, 767 (1919).

our jurisdiction is solely appellate, and we cannot receive nor consider new evidence. City of Joplin v. Village of Shoal Creek Drive, Mo.App., 434 S.W.2d 25, 28–29 [4–7]. As the record lies before us, there is a genuine issue of material fact for trial, because if the October 1969 payment was made before defendants' election to accelerate, such payment cut off the defendants' right to accelerate and plaintiffs were not in default when the first notice was published on October 16, 1969. Even assuming that there was no question of waiver or promissory estoppel, the existence of such a fact issue would prevent the defendants from being entitled to a summary judgment.

For the reasons indicated, the summary judgment is set aside and for naught held, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.

TITUS, C. J., concurs.

STONE, J., concurs.

BILLINGS, J., not participating because not a member of the court when the cause was submitted.