**James H. MILLER and Teri J. Miller, Plaintiffs-Respondents,**

v.

**Everett JONES and Dorothy L. Jones, Defendants-Appellants.**

No. 12240.

Missouri Court of Appeals, Southern District, Division Two.

June 7, 1982.

John S. Beeler, Houston, for plaintiffs-respondents.

John Alpers, Jr., Cabool, for defendants-appellants.

PREWITT, Presiding Judge.

The trial court permanently enjoined defendants from foreclosing a deed of trust securing the payment of a note on which the plaintiffs were alleged to have defaulted.[1] A payment was due August 10, 1980. Defendants contend that the trial court erred in finding that plaintiffs' tender of payment on August 12, 1980, was sufficient to prevent the foreclosure.

Defendants claim that the tender was not timely or in a sufficient amount. Plaintiffs contend that the tender was timely because the previous payment was accepted fourteen days after it was due and that defendants thereby waived strict performance as to the date of payment. Plaintiffs also contend that as defendants had not taken any affirmative action to accelerate the debt before the tender, that defendants thereafter could not request foreclosure.

---

1. None of the exhibits, including the documents referred to in this opinion, were filed here, although on April 28, 1982, we ordered the parties "to file all exhibits relevant to the issues presented on this appeal within ten days of this Order." See Rule 81.15. Our references to the provisions of documents are based on statements in the record and in the parties' briefs. The parties appear to agree on what is said in the portions of those documents referred to here.

An acceleration clause is solely for the benefit of the holder of the note and confers upon him an option to treat the entire debt as due. *Capital City Motors, Inc. v. Thomas W. Garland, Inc.*, 363 S.W.2d 575, 578 (Mo.1962). If the holder decides to exercise the option, he is required to perform some affirmative act evidencing his intention to take advantage of the accelerating provision before the debtor makes a tender of the amount actually due and until the holder does so, the debtor may terminate the right of acceleration and cure the default by proper tender of payment. *Id.*; *Spires v. Lawless*, 493 S.W.2d 65, 73, 69 A.L.R.3d 762 (Mo.App.1973). The tender here was made before any affirmative action was taken to accelerate the debt and thus was in time to cure the default if it was in a proper amount. We need not decide whether defendants had waived strict performance as to the date of payment.[2]

We now consider whether the tender was in the amount due. According to the terms of the note, the annual payment due on August 10, 1980, totaled $7,224, $4,200 in principal and $3,024 in interest. By written agreement executed at the same time as the note and deed of trust, defendants rented the property from plaintiffs for two years at an annual rent of $2,400. The rental agreement provided that this amount would be deducted from the annual payment due on the note.[3] Relying upon this provision, plaintiffs tendered $4,824.

The rental agreement also provided that each party would annually have $700 worth of fertilizer applied on the land. Defendants had applied fertilizer, but plaintiffs had not for the two years that the rental agreement had been in effect. The trial court viewed defendants' answer as containing a counterclaim and determined that they were entitled to damages of $1,400 due to plaintiffs' breach of contract in not applying the fertilizer. Defendants contend that due to this finding, "there was a delinquency of $1,400.00 in the amount tendered". Whether plaintiffs' failure to fertilize eliminated or reduced defendants' requirements to pay rent, and thus prevented plaintiffs from deducting all or part of the $2,400 from the note payment is not questioned.

Before entering final judgment the trial court ordered that plaintiffs pay to the circuit clerk $6,224 to be paid to defendants. That sum represented the principal and interest due on the note, $1,400 damages for plaintiffs' breach of the rental agreement in failing to apply fertilizer, less the $2,400 annual rental. Plaintiffs complied with that order.

Plaintiffs' obligation to apply fertilizer was separate from their obligation to make the note payments. The rental agreement provided that the annual rental would be deducted from the note payment, but the provisions relating to the application of fertilizer did not refer to the note. We see no basis for adding damages for breach of the duty to apply fertilizer to the note payments. Plaintiffs tendered the amount due on the note according to the note and rental agreement. The tender was thus sufficient to prevent the foreclosure.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.

---

2. On the question of strict performance: See authorities cited in footnote 3 of *Spires v. Lawless*, supra, 493 S.W.2d at 72; 55 Am.Jur.2d, Mortgages, § 388, p. 433 (1971); 59 C.J.S. Mortgages § 501, p. 805 (1949). See also *Farris v. Hendrichs*, 413 S.W.2d 185 (Mo.1967); *Fritts v. Cloud Oak Flooring Company*, 478 S.W.2d 8, 12-14 (Mo.App.1972).

3. Where agreed by the parties, payments on a promissory note may be made by a method other than money, *Sutton v. Libby*, 201 S.W. 615, 617 (Mo.App.1918), including by the transfer of debits or credits or by the application of mutual indebtedness. 70 C.J.S. Payment § 32, p. 242 (1951).