**Richard D. SLOSS, Appellant–Respondent,**

v.

**Connie S. GERSTNER, et al., Respondents–Appellants.**

**Nos. WD 60966, WD 61001.**

Missouri Court of Appeals, Western District.

March 11, 2003.

William M. Modrcin, Kansas City, MO, for Appellant–Respondent.

Christopher R. Williams, Kansas City, MO, for Respondents–Appellants.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

Richard D. Sloss appeals the summary judgment of the Circuit Court of Jackson County for the respondents, Connie S. Gerstner, Litton Loan Servicing, L.P. (Litton), and Pledge Property II, L.L.C. (Pledge), on the appellant's petition for wrongful foreclosure seeking to set aside the non-judicial foreclosure sale of his home. The respondents cross-appeal the trial court's sanctions for their failure to provide to the appellant certain discovery.

Although designated as one point, the appellant actually raises several points on appeal. However, we will address and discuss only one in that it is dispositive of his appeal. In that regard, the appellant claims that the trial court erred in entering summary judgment in favor of the respondents on his petition for wrongful

foreclosure because on the alleged undisputed facts asserted in their motion they were not entitled to judgment as a matter of law. In the respondents' sole point on cross-appeal, they claim that "[t]he circuit court erred in granting sanctions for perceived discovery abuses in that appellant failed to establish that he was prejudiced because of respondents' alleged failure to produce the discovery requested and the trial court abused its discretion in imposing sanctions with respect to alleged discovery improprieties."

We reverse and remand in part, and dismiss in part.

### Facts

In October 1997, the appellant refinanced his home located at 201 West 54th Street, Kansas City, Missouri. As part of the refinancing, the appellant executed a deed of trust with power of sale, to Hearthside Lending Corporation (Hearthside), a Kansas corporation, to secure the refinancing note in the amount of $249,600. Anthony A. Stein was named as the trustee in the deed of trust. Hearthside subsequently assigned the note and deed of trust to Litton Loan Servicing, L.P., a Delaware limited partnership doing business in Missouri.

The appellant made payments on the note until sometime in early 1999, when he apparently missed several monthly payments. On June 1, 1999, Litton notified the appellant through its attorney, Alan South, that foreclosure proceedings had commenced against the appellant for non-payment. However, this foreclosure action was subsequently terminated after the appellant made payments on June 29, 1999, to satisfy the amount owed on the monthly payments he had missed. Thereafter, on November 12, 1999, South sent a letter by certified mail to him, notifying him that he was again in default for failure to pay his August 1999 payment, that the maturity date of the note had been accelerated, and that foreclosure proceedings would commence as of the date of the letter. That letter was subsequently returned to South's law office as being unclaimed by the appellant. Foreclosure proceedings commenced on the appellant's home, and notice of the foreclosure and trustee's sale of the appellant's home was published in The Pulse Legal Publication from November 18, 1999, through December 16, 1999. Connie S. Gerstner, an office manager for South's law office, was named as the successor trustee at that time.

A non-judicial sale of the appellant's property was conducted by Gerstner on the steps of the Jackson County Courthouse on December 16, 1999. The property was sold to the only bidder, Pledge Property II, L.L.C., a subsidiary of Litton, who bought the property for $224,400. Pursuant to the sale, Gerstner issued a trustee's deed to Pledge. The appellant was subsequently evicted from the property.

On February 14, 2000, the appellant filed in the Circuit Court of Jackson County a "Petition to Set Aside Trustee's Deed" against the respondents, Gerstner, Litton, and Pledge. In his petition, the appellant alleged that the respondents wrongfully foreclosed on his home because: (1) he was not in default on the note; (2) the respondents failed to provide him with proper notice of his alleged default and the acceleration of the maturity date of the note; and (3) he was not provided with proper notice of the foreclosure sale of his home. In his petition, the appellant requested that the trial court set aside the sale of his property and the trustee's deed issued pursuant to the sale. Each of the respondents filed a separate answer on April 7, 2000, denying the appellant's claim.

On April 17, 2001, the respondents filed a joint motion for summary judgment and suggestions in support thereof, claiming that the undisputed facts alleged demonstrated that the appellant was given proper notice of his default on the note, the acceleration of the maturity date of the note, and the foreclosure sale of his property. On May 23, 2001, the appellant filed his response to the respondents' motion for summary judgment.

The trial court took up and heard the respondents' motion for summary judgment on June 14, 2001. At the hearing, the respondents filed their "Reply Suggestions in Support of [Respondent's] Motion for Summary Judgment," to which they attached, *inter alia*, the trustee's deed issued pursuant to the foreclosure sale and an affidavit from a Litton employee who stated that he mailed a letter to the appellant on September 22, 1999, informing him that he was in default on the note and that the maturity date of the note would be accelerated if such default was not cured within thirty days. In addition, at the hearing the appellant filed his "Supplemental Suggestions in Opposition to [Respondents'] Motion for Summary Judgment," to which he attached Gerstner's deposition and a cashed check which allegedly indicated that he made his August payment on the note. On December 21, 2001, the trial court issued its order granting summary judgment in favor of the respondents.

This appeal followed.

## Standard of Review

In reviewing the grant of summary judgment:

[o]ur review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 380.

When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (citations omitted).

### I.

The appellant claims that the trial court erred in entering summary judgment in favor of the respondents on his petition for wrongful foreclosure because on the alleged undisputed facts asserted in their motion they were not entitled to judgment as a matter of law. Specifically, he claims, *inter alia*, that the respondents, in order to make a *prima facie* case for summary judgment, were required, but failed, to plead undisputed facts which negated his claim that he was not in default of the promissory note, which was secured by the deed of trust under which the respondents foreclosed and sold his residence. We agree.

To be entitled to summary judgment under Rule 74.04,[1] the movant must establish that (1) there is no genuine dispute as to the material facts on which he relies for summary judgment, and that (2) based on these undisputed facts, he is entitled to judgment as a matter of law. *ITT Commercial Fin.*, 854 S.W.2d at 380. If the movant is the defending party, as is the case here, he or she can establish a *prima facie* case for summary judgment by one or more of the following three means: (1) showing facts that negate any one of the claimant's elements facts; (2) showing that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or, (3) showing that there is no genuine dispute as to the existence of each of the facts necessary to support movant's properly pleaded affirmative defense. *Id.* at 381. "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law." *Id.*

There is no single recognized theory for recovery for wrongful foreclosure. *Spires v. Lawless*, 493 S.W.2d 65, 71 (Mo.App. 1973). As stated in *Spires:*

> [r]ecovery for wrongful foreclosure has been allowed in such widely varying circumstances that it is doubtful that any single theory of recovery is applicable to every case which has been called an 'action for wrongful foreclosure.' The best that can be said is that the authorities cannot be fully reconciled, and an examination of the topically collated cases to discover the basis of legal liability in such actions obscures as much as it clarifies.

*Id.* Thus, recovery for wrongful foreclosure has been allowed in various circumstances. *See Graham v. Oliver*, 659 S.W.2d 601, 603 (Mo.App.1983) (the foreclosing party did not hold title to the secured note); *Verdon v. Silvara*, 308 Mo. 607, 274 S.W. 79, 82 (1925) (the mortgagor was not in default on the note); *IPI Liberty Vill. Assocs. v. Spalding Corners Assocs.*, 751 S.W.2d 120, 123–24 (Mo.App. 1988) (no notice of foreclosure sale as provided in § 443.325).[2]

Here, as noted, *supra*, the appellant pled three bases for setting aside the non-judicial foreclosure of his residence: (1) he was not in default of the underlying promissory note in that he had made all payments as required under the note; (2) he did not receive the required notice of default and acceleration of the debt reflected by the note; and (3) he did not receive the required notice of the foreclosure sale. The respondents do not contest the fact that the appellant would be entitled to the recovery he sought below if he could prove any one of the three bases alleged. Thus, to make a *prima facie* case for summary judgment, they were required, as defending parties, to defeat the appellant's action on all three bases pled by employing one of the three means available to a defending party for that purpose, which they did not do. *Ashworth v. City of Moberly*, 53 S.W.3d 564, 571 (Mo.App.2001); *Robinson v. Mo. State Highway & Transp. Comm'n*, 24 S.W.3d 67, 73 (Mo.App.2000). It is axiomatic that a plaintiff cannot be denied his or her day in court if the action in question can proceed on any viable theory or ground pled. *Ashworth*, 53 S.W.3d at 571.

---

**1.** All rule references are to the Missouri Rules of Civil Procedure (2002), unless otherwise indicated.

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

In their motion, the respondents pled the following alleged undisputed facts:

1. [The appellant] was given notice on two separate occasions that his property was being foreclosed upon. *See* affidavit of Phines Sanders (Attachment "A") paragraphs four and six.

2. [The appellant] did not pick up the certified letters referenced in paragraph one *infra*. *See* affidavit of Phines Sanders (Attachment "A"), paragraphs five and eight.

3. Legal publication was performed prior to the sale which forms the basis of [the appellant's] Petition. *See* affidavit of Phines Sanders (Attachment "A") paragraph seven.

4. The sale of the property was conducted at the Courthouse steps, December 20, 1999 at 2:00 p.m. in the usual manner. *See* affidavit of Conni S. Gerstner, (Attachment "B") paragraphs four and six.

5. There was no bidding at the aforementioned sale. *See* affidavit of Conni S. Gerstner (Attachment "B") paragraph five.

Based on those allegations, the respondents argued in their motion that the appellant, contrary to the assertions in his petition, received notice of default and acceleration and notice of the foreclosure sale. While those allegations may have been sufficient for the respondents obtaining partial summary judgment on two of the three grounds pled by the appellant for wrongful foreclosure, an issue which we do not decide, the respondents' motion wholly fails to address the alleged ground that the appellant was not in default on the note, which was essential to the triggering of the foreclosure provisions in the deed of trust securing the note. And, while we are to affirm the trial court's ruling as to the grant of summary judgment on any theory justified, that justification must appear from the summary judgment record made in accordance with Rule 74.04, and we are not allowed to speculate whether the movant could have made a case for full summary judgment, but failed to do so. *Lawrey v. Reliance Ins. Co.*, 26 S.W.3d 857, 863–64 (Mo.App.2000).

In their brief, the respondents, relying on § 443.380,[3] contend that they did, in fact, address the appellant's claim that he was not in default on the note in that they attached, as an exhibit to their reply suggestions in support of their motion for summary judgment, the trustee's deed. That deed, issued on December 16, 1999, reads, in pertinent part, that: "default was made and still continues in the payment of the indebtedness." The respondents' argument is without merit in that although attachments to reply suggestions may be considered in support of a ground raised in the motion for summary judgment, it is not sufficient to raise a ground not set forth in the motion itself, as was the case here. *Cross v. Drury Inns, Inc.*, 32 S.W.3d 632, 636 (Mo.App.2000). As the Eastern District stated in *Cross*:

Rule 74.04(c)(3) provides for the trial court to rule after the response has been filed or the time for filing the response has expired. This rule does not authorize further pleadings. Rather, the rule contemplates that the trial court should

---

**3.** Section 443.380, governing the use of recitals in a deed as *prima facie* evidence, provides:

Whenever any real estate within this state shall have been or shall hereafter be sold by any trustee or mortgagee, or sheriff or other person acting as trustee, under a power of sale given in any mortgage or deed of trust, the recitals in the trustee or mortgagee's deed concerning the default, advertisement, sale or receipt of the purchase money, and all other facts pertinent thereto, shall be received as prima facie evidence in all courts of the truth thereof.

only consider the motion and the response in deciding whether the motion should be granted.

Trial courts may permit the parties to present further argument on the motion by means of reply memoranda, oral argument, or post-hearing memoranda, and the parties may bring defects in the affidavits or other supporting materials to the trial court's attention by motion to strike or objection. A different question is presented, however, when a summary judgment movant wishes to expand the grounds for the motion or enlarge the record after the motion and response have been filed. This district has permitted the trial court to consider documents attached to a reply memorandum in accord with Rule 74.04(e) if those documents supplemented or opposed affidavits but did not raise new issues, grounds, or arguments. However, no case has sanctioned the filing of materials raising new factual issues, grounds, or arguments. We do not find any authority to do so in Rule 74.04(e) or elsewhere.

Rule 74.04(e) by its own terms gives trial courts discretion to permit only affidavits to be supplemented or opposed. It does not authorize supplementation of the motion or response. Rule 74.04(c) dictates a specific format for a motion and response in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes. All facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2), that is, in the form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs.

*Id.* (citations omitted).

Because the respondents failed to allege in their motion for summary judgment facts, which if true, would defeat the appellant's claim on each and every theory pled for recovery, the trial court erred in entering summary judgment for the respondents, requiring us to reverse and remand.

## RESPONDENTS' CROSS–APPEAL
### II.

In their sole point on cross-appeal, the respondents claim that "[t]he circuit court erred in granting sanctions for perceived discovery abuses in that appellant failed to establish that he was prejudiced because of respondents' alleged failure to produce the discovery requested and the trial court abused its discretion in imposing sanctions with respect to alleged discovery improprieties." Inasmuch as we are reversing and remanding this cause for further proceedings, our review of the sanctions imposed by the trial court against the respondents for failure to provide certain discovery would essentially constitute an advisory opinion, which we cannot render. *Robinson,* 24 S.W.3d at 81. Thus, any review of the court's sanctions would occur at the time a final judgment is rendered in the cause.

### Conclusion

The circuit court's summary judgment for the respondents on the appellant's wrongful foreclosure petition is reversed and the case is remanded for further proceedings consistent with this opinion. The appeal of the circuit court's order of sanctions against the respondents is dismissed.

BRECKENRIDGE and HARDWICK, JJ., concur.